CLARKE *v.* HUGHES.

[99 So. 6. No. 23492.]

(Division B. Feb. 11, 1924.)

MUNICIPAL CORPORATIONS. *Failure to look for motor vehicle on wrong side of street not contributory negligence.*

In a damage suit for personal injuries caused by running a motor vehicle on the side of the street where it is prohibited by a municipal ordinance to be, it is error to instruct the jury that it may consider the contributory negligence of the plaintiff and reduce the damages in proportion to the degree of negligence, where the only basis for such a charge is the failure of the plaintiff to look for the approach of a vehicle on a side of a street where it may not lawfully run, as the plaintiff is not required to anticipate a violation of such ordinance.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Mrs. Aimee Clarke against Mrs. W. L. Hughes. From a judgment for less than prayed for, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

*E. J. Bowers,* for appellant.

Appellant sued defendant in tort for being negligently run over and injured by the automobile of defendant, driven by defendant. The proof disclosed that appellant was struck by an automobile driven by appellee, on the streets of Biloxi, while appellee was driving on the left, or wrong side of the street.

Defendant asked and obtained a charge as to the contributory negligence of plaintiff, which is assigned as error, because no contributory negligence was shown, and because the court had already charged the jury that plaintiff was not required to look in the direction from which the automobile was coming.

Plaintiff testified, and was uncontradicted, that she looked to the East before stepping into the street and that she was struck just as she stepped into the street. Surely she is not chargeable with negligence in failing to look to the West when the city ordinance and common sense, indeed the law of the road—"Keep to the right"— prohibited any cars or vehicles from coming in that direction. This appeal being prosecuted solely on the *quantum* of the verdict it is apparent that the erroneous charge greatly affected same.

The automobile of defendant lay on the chest of plaintiff until taken off by the bystanders. Her hand was broken and she was seriously injured on the chest and sides. To say that three hundred and seventy-five dollars is sufficient to compensate such injuries is absurd. We respectfully insist that the case should be reversed and remanded only as to the amount of the damages suffered.

*Carl Marshall* and *W. L. Guice,* for appellee.

This court has decided time and time again that the jury, where any contributory negligence is shown on the part of the plaintiff, has the right to pass on this question along with the right to pass on general negligence presented by the plaintiff. This right is expressly given by the statute, and if there were in this case any facts that a jury could consider with reference to others as being an act of contributory negligence on the part of Mrs. Clarke, not only did the jury have a right to find that she was guilty of said negligence, but having found and expressed their finding by their verdict, we do not believe that this court, or the circuit court would have any right to interfere with this finding, as they, the jury, are the sole judges of the facts.

In the case at bar we have the appellant standing on a busy street in one of the busiest towns in Mississippi, forty or fifty feet from the corner which pedestrians generally use in passing across the street, with numberless automobiles as well as street cars passing up and down the street, yet, thinking so little of her personal safety as to deliberately step out into the street in front of an automobile, which, according to the testimony of the witnesses for the defendant, was only three feet from there at this time. Mrs. Hughes, the appellee, was certainly entitled to the jury's consideration of her testimony, and of the testimony of the witnesses produced by her, and one of these witnesses testified that Mrs. Clarke stepped directly off the sidewalk without looking, directly in front of this car. The mere fact that an ordinance of the city of Biloxi required Mrs. Hughes, or any other person using the streets to drive on, to drive to the right, did not relieve this woman of the duty to herself of observing where she was going when she attempted to cross a busy street at a point away from the point usually used by pedestrians.

This court has no right to attack the relative percenttage of negligence attributed by the jury to either Mrs. Hughes or Mrs. Clarke. The state of Mississippi gave to the jury the scales by which they measured both the negligence and the contributory negligence of the appellee and appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff below, and sued for damages resulting from a personal injury, and recovered a judgment of two hundred seventy-five dollars, and appeals on the ground that the judgment is grossly inadequate, and on the ground that the court committed error in instructing the jury that the jury might consider the defendant's contributory negligence and reduce the damages in accordance with the respective negligence of the plaintiff and the defendant. The instruction complained of reads as follows:

"The court instructs the jury that, if the jury should believe from the evidence that some negligence of the defendant caused, or contributed to the causation of, the accident, if the jury should also believe from the evidence that negligence of the plaintiff also contributed to the causation of the accident, the jury may compare the negligence of the parties, if any, and reduce the damages awarded the plaintiff in proportion to the degree of negligence, if any, attributable to the plaintiff as cause of her injury."

The facts as detailed by the witnesses were that the plaintiff was crossing the street to catch a street car, and the defendant drove down the left side of the street and ran over the plaintiff; that an ordinance of the city of Biloxi, where the injury happened, prohibited a person from driving on the left side of the street, but required all drivers of automobiles to keep to the right. The plaintiff testified that she did not hear the ap-

proach of the automobile in which the defendant was riding, and did not hear the horn sounded, and that the automobile knocked her down, bruised her, and crushed her hand, and her finger and thumb were broken, and part of the hand had to be cut out; that she cannot use her hand as before, and is unable to make her living as a stenographer and typist, which was her means of livelihood. That she was receiving from one hundred to one hundred and fifty dollars per month as wages or salary from her work. Her statement of her injury was as follows:

"My hand was crushed and this finger and thumb broken; this part of the hand has been cut out, and my thumb is narrow here, and I can't use it as before, and I am unable to make my living as a stenographer and typist, and while I can write some with a pencil I can't use the typewriter, as I can't operate the space bar. The contraction is in here. While this auto was across my chest, I think it was the grease pan, I was covered with grease, and I had a large hole torn in my left hand—I mean my knee—and I was black from my neck down from the fall to the pavement. Dr. Werlein came there, and Mrs. Hughes' car was on me, and he directed the movement of the car off of me, and it took ten or twelve men to move the car."

We think the giving of the above instruction was error, as the plaintiff was not required to anticipate the presence of the car on the left-hand side of the street in violation of the ordinance, and was not under duty to keep a lookout for the approach of automobiles and vehicles on the left-hand side.

The verdict of the jury is inadequate, and is probably caused by the misdirection contained in the said instruction. The cause will be reversed for the assessment of damages, but will be affirmed as to liability.

*Reversed and remanded.*