CITY OF MERIDIAN *v.* MOODY.

(Division B. Feb. 27, 1939.)

[186 So. 649. No. 33508.]

Howard Westbrook, of Meridian, for appellant.

Jacobson & Snow, of Meridian, and **Butler & Snow**, of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Mrs. Claudia Moody, brought suit against the city of Meridian, to recover for a personal injury sustained because of her car coming in contact with a rope stretched across Twenty-third avenue about the point of intersection with Eighteenth street. Mrs. Moody was driving south on Twenty-third avenue in her car, and did not see the rope. She contends that there was nothing on the rope to attract attention to its presence, and no guard or person to give warning. The rope was stretched across the avenue, about four feet above the surface of the ground, and attached to trees on either side thereof. It was a grass rope one or one and a half inches in diameter, tan in color. As Mrs. Moody drove along Twenty-third avenue at this point, the rope caught on the radiator cap of the car, and broke it loose, hurled it through the windshield of the car, struck Mrs. Moody on the nose and forehead, and rendered her unconscious. She was carried to a hospital, where she was treated for several days, suffering from severe injuries, which she claims destroyed the olfactory nerve, and consequently her sense of smell; because of which she lost the position she held at the Junior College in Meridian, preparing food for the cafeteria. The injury occurred near the

residence of Dr. Royals, who being summoned to her aid, took her to the hospital and treated her there, calling in Dr. Bounds, of Meridian, an ear, eye and nose specialist, who came to the hospital and made an examination of the injuries to her eye and nose. He found small slivers of glass in her eyes, and removed them.

Mrs. Moody was afterwards taken to Chattanooga, where she was treated in a hospital, and was under the care of a physician, remaining for a time with her sister, who lived there.

At the time of Mrs. Moody's injury the city was engaged in removing from the sides of the street trees which had become dangerous, and had felled a large oak tree, which was being cut up. The city contends that it had roped off the street, and about where the knot in the rope was tied, near the center of the street, they had fastened in the knot a cement sack about two feet square, and that on top of the cement sack they had placed a pasteboard cake box. The city contends, and had some proof to show, that the rope and obstruction were visible from Nineteenth street, north of Eighteenth street, and that a number of persons had seen the rope from that point. The city also contends that some employes, seeing that as Mrs. Moody approached she was going toward the rope, instead of turning on Eighteenth street to Twenty-fourth avenue, called to her to stop; but she did not do so, and in consequence suffered the injury complained of.

There was considerable testimony to support the contention of the plaintiff, appellee here. Two ladies testified that while driving along the avenue a few minutes prior to the accident, they very nearly ran into the obstruction before seeing it—that the lady who was driving the car, in fact, did not see it, but her guest called her attention to it, and she used the emergency brake and stopped in time.

The city offered evidence to show that on other occasions persons had run into obstructions or barriers placed

to prevent use of the street while it was being repaired; that people disregarded barriers, drove around them, and would even untie a rope to pass. That on one occasion, while engaged in a section of street closed for repairs, a city employe was knocked down and injured.

The court excluded this evidence as to other persons, places and times, and we think there is no error in so doing.

The city also sought to present experiences of its employes in dealing with such situations, and the various types of barricades which had been used ineffectually on other occasions, which evidence was not admitted. There was no error in this regard, the question being limited at this time to the situation which existed at the place of the injury, and the reasonableness of the warning or notice of obstruction or barrier placed in the street to prevent traffic thereon.

The city requested the court to permit the jury to inspect the site of the accident, which request was refused. The accident occurred on June 30, 1937, and the trial was had in April, 1938. In the intervening time the scene had changed, conditions were no longer as at the time the injury was sustained, and to view the scene would have been useless, and possibly hurtful.

The city obtained a large number of instructions, and complained of the refusal of others. We think the number of instructions granted the city was ample for the presentation of its defenses.

The appellant complains of instructions granted to the appellee, and these will receive attention. The plaintiff obtained an instruction reading as follows: ''The court instructs the jury for the plaintiff that she the plaintiff, had the right to use 23rd avenue from end to end and side to side and without a dangerous obstruction being placed thereon; that plaintiff under the law had the right to assume the avenue was reasonably safe for travel and she was not required to use extraordinary care in traveling south on 23rd avenue. Further, that while traveling

south on 23rd avenue, and operating her automobile at a rate of speed of 25 miles per hour, or less, plaintiff was necessarily required to watch out for many different things, some in the avenue and others upon the side that might come into it, and she could not at all times direct her attention to one thing to the exclusion of others, and, therefore, she is not held to be on the watch out at all times for small ropes stretched across the avenue and shaded by trees.

"Further, you are instructed the city could not lawfully stretch a rope across 23rd avenue without giving people using the avenue proper warning of the presence of such rope; as to do so would constitute unreasonable, unusual and dangerous obstruction, and in this case if you believe the placing of red flags on the rope would have been such warning to the public as would have been observed by the plaintiff in time for her to have avoided running into the rope, then the city was obligated, under the law, to have placed red flags on the rope, or to have given the plaintiff some other adequate warning sufficient to have notified a reasonably prudent person using 23rd avenue of the presence of the rope, and it was not enough that the defendant should put some kind of sack or cardboard on the rope, where it was placed across the avenue, but the law required the city, so long as the rope remained across the avenue, to see that adequate warnings thereof were kept and maintained in connection therewith, so as to notify members of the public reasonably using the avenue of the presence of the rope. The fact that others could see the rope and did see it in time to avoid hitting it does not in itself mean that Mrs. Moody was guilty of negligence. Mrs. Moody was only required to exercise reasonable care in the operation of her automobile to prevent running into objects which were on the street in a reasonable and customary manner. A rope stretched across the street, three or four feet from the ground, was not a reasonable and customary use of the street, and when the city so placed the rope across

the street it became and was the duty of the city to warn the public thereof to the extent that no traveler exercising ordinary care for his or her own safety would be injured thereby without notice thereof.''

We are of the opinion that this instruction constitutes error, for which the cause should be reversed. It will be noted that in the instruction this language was used, ''and in this case if you believe the placing of red flags on the rope would have been such warning to the public as would have been observed by the plaintiff in time for her to have avoided running into the rope, then the city was obligated, under the law, to have placed red flags on the rope, or to have given the plaintiff some other adequate warning sufficient to have notified a reasonably prudent person using 23rd avenue of the presence of the rope, and it was not enough that the defendant should put some kind of sack or cardboard on the rope, where it was placed across the avenue, but the law required the city, so long as the rope remained across the avenue, to see that adequate warnings thereof were kept and maintained in connection therewith, so as to notify members of the public reasonably using the avenue of the presence of the rope.'' Under the facts in the evidence, it was also error to instruct the jury that the plaintiff had a right to use the street from ''side to side,'' free from obstructions.

The part of the instruction above quoted is erroneous, in that it tells the jury that if red flags had been placed on the rope they would have provided such warning as would have been observed by the plaintiff in time to avoid running into the obstruction. Of course, the test is not whether the plaintiff would have observed and obeyed the warning of such obstruction; but what a reasonable person, exercising reasonable care, would have done under the circumstances. It also placed emphasis upon the absence of red flags on the rope, and told the jury that it was not enough that the defendant should place some cardboard and sacks thereon. The issue is as to what

would constitute sufficient warning of the closing of the street, and not as to the particular kind of signal or device or barrier used for that purpose. The jury might have found that the cement sack and the cake box were sufficient to warn a reasonable person, and the language of the instruction may have induced them not to so find.

Also, in the latter part of the instruction the jury were told that the rope stretched across the street three or four feet from the ground was not a reasonable or customary warning, and that it became the duty of the city to warn the public thereof, "to the extent that no traveler exercising ordinary care for his or her own safety would be injured thereby without notice thereof." In effect, it told the jury that the warning given, according to the contention of the city, was not sufficient. In view of the city's claim that it placed the cement sack and the cardboard cake box on the rope, and that the jury could have found this to be sufficient warning, this instruction was misleading.

Again, the plaintiff was granted an instruction reading as follows: "The court instructs the jury for the plaintiff it was not for the city of Meridian to place a cement sack, or a cake box, or both a cement sack and a cake box, on the rope which Mr. Therrell stretched across 23rd avenue but the law required the city after its employe had stretched the rope across 23rd avenue to see that adequate and proper warning of the rope being across the avenue were kept and maintained there at all times so long as the rope remained stretched across the avenue, and if you believe there was no adequate warning indicating the rope was stretched across the avenue when the accident occurred, then it will be your sworn duty to find for the plaintiff and to assess her damages in such sum as you believe from the evidence will reasonably compensate her for all damages she may have suffered, or may hereafter suffer, as a result of the accident and her injuries."

This instruction, in effect, told the jury that it was

not enough for the city of Meridian to place a cement sack or cake box, or both, on the rope which Mr. Therrell placed across Twenty-third avenue, etc., impressing upon the jury that the placing of the sack and cake box on the rope across the street, if, in fact, they were so placed, was not sufficient to give notice that the street was obstructed. It is true that the word "sufficient," or the word "enough," was not used in the instruction, but we think it was implied, and that a person reading the instruction would have drawn that inference.

It is true that the stretching of a rope across a street, without any additional warning, the rope being of such color or visibility as not to be easily seen by a person using ordinary care, would not comply with the requirements in regard to closing a street for repairs.

Another instruction given was in the following language: "The court instructs the jury for the plaintiff if you believe from the evidence in this case there was no adequate warning that the rope was stretched across 23rd avenue and 18th street at the time the accident occurred, then it will be your sworn duty to find for the plaintiff and to assess her damages in such sum as you believe from the evidence will reasonably compensate her for all damages she may have suffered or will hereafter suffer as a result of the accident and her injuries and this is true even though you may believe a cement sack and a cake box were placed on the rope by the city employes when the rope was stretched across the avenue."

It will be noted that the following clause in the instruction, "and this is true even though you may believe a cement sack and a cake box were placed on the rope by the city employes when the rope was stretched across the avenue," failed to submit to the jury the determination of the question whether such cement sack and cake box, if placed on the rope, would have been reasonable notice to a reasonably careful person exercising ordinary caution.

It is true, the court gave to the city instructions to the effect that if such sack and cake box provided a reasonable warning to persons traveling on the street, the city would not be liable. Several instructions for the city convey this idea, but they are in conflict with the announcement for the plaintiff. The jury were not given a sufficient guide to enable them to find out whether or not the cement sack and cake box were, in fact, on the rope; and if they found that they were, in fact, on the rope, they were not instructed as to their right to find whether or not they constituted sufficient warning that the street was closed to all travelers.

For the errors indicated above the cause must be reversed and remanded for a new trial.

Reversed and remanded.