## Summers *v.* Johnson.

No. 40870 October 6, 1958 105 So. 2d 451

*Adams, Long & Adams,* Tupelo, for appellant.

*W. P. Mitchell,* Tupelo, for appellee.

ETHRIDGE, J.

Appellant, Mrs. Walter Summers, sued appellee, Cecil Johnson, for damages resulting from a collision between her truck and that of appellee. Johnson filed a counterclaim for his damages. The verdict of the jury and the judgment of the Circuit Court of Itawamba County was for the defendants on both claims, thus awarding no damages to either side. Mrs. Summers appealed; Johnson took no cross-appeal.

We have reviewed carefully the evidence, and are of the opinion that the controlling issues were questions of fact for the jury. The circuit court correctly refused appellant's requested peremptory instruction and overruled her motion for a new trial. There was a conflict in the testimony on the issues of whether plaintiff, or defendant, or both of them were guilty of negligence which proximately contributed to the accident. The testimony of Johnson, the bus driver, and the deputy sheriff supported his version; on the other hand, that of appellant and the driver of her truck upheld plaintiff's theory. The highway patrolman's testimony was partly favorable to each side.

 █ Appellant's principal argument on the facts is that the relative speeds of the two oncoming vehicles,

and the distance of the road from which the school bus entered the highway to the point of collision, render incredible and unworthy of belief the testimony of defendant and the bus driver, to the effect that Johnson had passed the school bus and was proceeding south on his west side of the road over 100 feet before the time of collision. However, the highway patrolman testified that appellant would have had ample room to pass appellee going in the opposite direction if she had not suddenly cut across the road at an angle. The jury had the right to consider these and other circumstances in evaluating the testimony. It may have concluded that both parties were negligent, completely offsetting the respective failures of each party. At any rate, the factual issues were for the jury, and we cannot disturb their verdict in that respect. In Green v. Hodges, 227 Miss. 475, 86 So. 2d 335 (1956), on suggestion of error, 227 Miss. 482, 87 So. 2d 87, the following pertinent observation was made in a case where also there were moving vehicles: "All three of the vehicles were moving objects at various speeds, and a witness' estimate as to the respective distances at one point before the collision is usually not a sound basis for mathematical inferences and estimates as to speed, particularly where the only two eyewitnesses who testified were rather specific in their testimony."

■■ There was no error in granting defendant's instructions Numbers 3 and 4. The jury was properly advised that it was the duty of plaintiff's driver to keep her truck "under reasonable control, considering the nature of the highway and any and all other circumstances or conditions then existing", and if she failed to do this and it was the sole proximate cause of the collision, then to find for defendant. This was a proper qualification of the duty to keep one's vehicle under control. Nor were these instructions in conflict with appellant's instructions on her sudden emergency theory. ■■■ Although

an actor confronted with a sudden emergency cannot be held to the same standards of conduct as one who had an opportunity to reflect, he is still required to maintain conduct which is reasonable under the circumstances. Jones v. Dixie Greyhound Lines, 211 Miss. 34, 50 So. 2d 902 (1951).

■ ■ The instructions which were granted appellee on his counterclaim, when read along with others, are not erroneous. They failed to define in themselves the claimed "negligence" of appellant's driver, and should have done so, but they must be considered together with defendant's instructions Numbers 3 and 4, which present his theory that appellant's driver was negligent in failing to keep her truck under reasonable control under the circumstances. ■ ■ Moreover, appellant cannot complain of a verdict in her favor on the counterclaim, unless appellee's instructions were so confusing as to mislead the jury. And we cannot so conclude, when all are read together.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.