CIPRIANI *v.* MILLER

No. 42870      February 3, 1964      160 So. 2d 87

*Dunn & Singley,* Meridian, for appellant.

*Huff, Williams, Gunn, Eppes & Crenshaw,* Meridian, for appellee.

JONES, J.

This case involved an automobile collision on March 6, 1957, on Tom Bailey Drive in or near Meridian. After a jury verdict for the defendant, plaintiff appealed. We reverse and remand the case.

Cipriani was returning from New Orleans to his home in Ohio. There was with him in the Cadillac automobile that he was driving his wife, his stepdaughter and stepson. His left rear tire became flat about the time he entered upon an overpass. He pulled to the right as near to the curb as he could and changed the tire just before the accident occurred. At this point, Tom Bailey Drive is a four-lane highway running approximately east and west. The south two lanes are for eastbound traffic and the north two lanes are for westbound traffic. There is a safety zone between the two south lanes and the two north lanes.

As Mr. Cipriani was completing the work on his car, he heard some screeching behind him, looked, and saw a car nearly upon him. In order to escape, he dived

onto the sidewalk, which is a raised portion of the bridge on the south side thereof.

Appellee was also returning from New Orleans to her home in Birmingham. Her husband was with her. As she approached she was traveling about fifty miles per hour at a constant speed. At one place she testified she saw the car when she was about a half mile away. She later testified that it was over the crest of a hill and she did not see it until she got to a point she could see over the crest of the hill. How far this was as far as feet are concerned, we are left to wonder. However, she saw it in time to pull into the other lane, and then turn back into the south lane at a point about forty feet from appellant's car. She testified she had previously looked in the rearview mirror and had seen a car coming behind her, about a half mile away, which was some little time before the accident. She further testified that as she pulled over into the north eastbound lane the car behind her gave a sudden frantic honking of the horn which frightened her; she pulled to the right and ran into Mr. Cipriani's car. The record showed she skidded about 32 feet. She did not know she hit appellant but the appellant and his stepdaughter testified that her car struck him on the legs or ankles; she admitted she struck the car and that it was slightly damaged.

The only conflict in the evidence as to how the accident happened was between the appellee and the stepdaughter of appellant, who testified that appellee came straight ahead in her car without turning into the other lane. Appellee testified that she did turn into the other lane. At the conclusion of the evidence the appellant asked for a peremptory instruction on the question of liability, which was refused by the court. The case went to the jury on the question of sudden emergency and other issues.

The lower court was in error in declining the peremptory instruction on liability as requested by appellant.

Taking the testimony and all reasonable inferences most favorable to her, it appears that she could only have gotten into the north eastbound lane by negligently violating Sec. 8187(a), Miss. Code of 1942, which provides: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

■■ ■ Appellee admitted she saw the car some distance behind her coming in the same direction as she was traveling, but when she turned into the other lane it was necessary for her to suddenly turn back into the lane where appellant's car was located in order to avoid being hit by the car behind her. She had not first ascertained that movement into the other lane could be made with safety. Again it was evident that appellee did not have her car under control because she certainly saw the car in front of her and was unable to stop before it was struck. ■■ ■ We do not believe that appellant, in stopping under the circumstances complained of, was guilty of such negligence, if any, that would bar his right of recovery.

■■■ Appellee was not entitled to the instruction on sudden emergency, because, as heretofore shown, her own negligence created the sudden emergency.

Appellee insists that she was entitled to have the case submitted to the jury because no damages were shown. With this we do not agree. The answer admitted that the automobile was slightly damaged, and the proof by appellant showed he was struck on the ankle or legs; that he had to dive onto the sidewalk, and as a result thereof, although he was able to drive on to his home in Toledo, Ohio, he was severely bruised and injured and subsequently had to spend considerable time in the hospital and under doctors' treatment. The fact that he had other accidents does not destroy his right to recover damages, if any, sustained in this ac-

cident, and his proof was sufficient to establish that he did sustain damages.

The case is therefore reversed and remanded for a trial on the issue of damages only.

Reversed and remanded for trial on issue of damages only.

*Lee, C. J., and Gillespie, McElroy and Brady, JJ.,* concur.