198 So.2d 245 (1967)
Frank B. NOBLES et al.
v.
Carl M. UNRUH.
No. 44383.
Supreme Court of Mississippi.
April 17, 1967.
Suggestion of Error Overruled May 8, 1967.
*246 McKiethen, Mouser & McKinley, Monroe, La., E.H. Fitzpatrick, Jr., Natchez, John J. Fraiser, Jr., James W. Burgoon, Jr., Greenwood, for appellants.
Brewer, Deaton & Evans, Greenwood, for appellee.
GILLESPIE, Presiding Justice:
This is an action for wrongful death instituted in the Circuit Court of Leflore County, Mississippi. The suit arose out of an automobile collision which occurred near Greenwood in which Mrs. Amanda Frank Nobles was killed. Appellants, plaintiffs below, are the heirs at law of the decedent. From a judgment in appellee's favor this appeal is prosecuted. The pertinent facts are as follows.
The decedent was riding as a guest passenger in an automobile operated by appellee, Carl M. Unruh. The automobile was proceeding in an easterly direction in the southernmost lane of U.S. Highway 82, approximately two miles west of Greenwood. The highway at this point consists of four traffic lanes, two lanes for eastbound vehicles and two lanes for westbound vehicles. The east and west lanes are separated by a median or dividing island. At the time of the collision the weather was clear and sunny and the highway was dry. The highway at the point of collision is straight and flat for a long distance.
Appellee was traveling at approximately fifty-five miles per hour. He overtook a transport truck which was also traveling in an easterly direction toward Greenwood. Both appellee's vehicle and the transport truck were traveling in the south traffic lane reserved for eastbound vehicles. The truck had red lights flashing on its rear. Appellee proceeded in the south traffic lane until he was within approximately twelve feet of the rear of the transport. At that point he suddenly turned his vehicle into the adjacent north traffic lane in order to pass the transport, and upon doing so collided head-on with a pickup truck which was proceeding in the wrong direction in the north traffic lane reserved for eastbound traffic. The collision resulted in the death of Mrs. Nobles, appellee's guest passenger.
Appellants contend that appellee was negligent in driving his vehicle into the north lane of traffic without first ascertaining that it was free of oncoming vehicles or other obstructions, and that such negligence, while not the sole proximate cause, was a contributing proximate cause of Mrs. Nobles' death.
*247 After all the evidence had been introduced, appellants moved for a peremptory instruction, which was overruled. The jury returned a verdict in favor of appellee (defendant), and from this verdict and the judgment thereon this appeal is prosecuted.
Appellants assign numerous errors, only one of which is necessary for disposition of this appeal, namely, that the trial court erred in refusing to grant appellant's requested peremptory instruction. This assignment is well taken.
Mississippi Code Annotated section 8187 (1956) provides as follows:

Driving on roadways laned for traffic. Whenever any roadway has been divided into three or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.
(a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
* * * * * *
This statute was designed to prevent, among other things, the type accident involved in the present case. Appellee strongly urges that section 8187 has no application to four-lane highways such as that involved here. However, the statute by its express language states that it is applicable to any roadway "divided into three or more clearly marked lanes for traffic". Section 8187 has been applied by this Court to a four-lane highway in Cipriani v. Miller, 248 Miss. 672, 160 So.2d 87 (1964). In the Cipriani case the plaintiff, while traveling on a four-lane highway, had a flat tire on his car and pulled as close to the curb in the extreme right lane of traffic as possible. The defendant saw plaintiff's vehicle stopped on the side of her traffic lane, and to avoid it, she pulled into the left lane to pass. However, as she proceeded to pass, something behind her caused her to become frightened. She thereupon pulled back into the lane where plaintiff's vehicle was parked and collided with it. This Court, in holding that the trial court erred in failing to grant plaintiff a peremptory instruction, stated as follows:
The lower court was in error in declining the peremptory instruction on liability as requested by appellant. Taking the testimony and all reasonable inferences most favorable to her, it appears that she could only have gotten into the north eastbound lane by negligently violating Sec. 8187(a), Miss.Code of 1942, which provides: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." 248 Miss. at 676-677, 160 So.2d at 88.
The Court further said:
She had not first ascertained that movement into the other lane could be made with safety. 248 Miss. at 677, 160 So.2d at 88.
The rule in the Cipriani case applies with particular force in the present case.
By appellee's own admission he was in violation of section 8187 at the time of the accident. The statute imposed upon him the duty to ascertain that the north eastbound lane of traffic was clear before he began passing the vehicle preceding him. This he failed to do. This Court has said on numerous occasions that the violation of statutes of this type, when neither explained nor excused, constitutes negligence as a matter of law. E.g., Vaughn v. Lewis, 236 Miss. 792, 112 So.2d 247 (1959); Hill v. Columbus Ice Cream & Creamery Co., 230 Miss. 634, 93 So.2d 634 (1957); Wilburn v. Gordon, 209 Miss. 27, 45 So.2d 844 (1950).
There is no dispute in the testimony, and appellee offered no evidence excusing or justifying his conduct. For this reason the lower court erred in overruling appellants' request for a peremptory instruction.
*248 Appellee urges that he could not be required to anticipate or foresee that another vehicle would be traveling in the wrong lane of traffic, citing Clarke v. Hughes, 134 Miss. 377, 99 So. 6 (1924). Upon this ground appellee contends that his conduct in pulling into the passing lane without looking was not the proximate cause of the fatal accident. This contention is without merit. There could have been obstructions in the north eastbound lane of traffic other than an oncoming vehicle. Another vehicle traveling in the same direction as appellee could have been stalled. An animal or an individual could have been crossing the highway. Any number of obstacles could have obstructed appellee's safe passage.
We hold that in determining whether the actor's negligence was the proximate cause of the injury, it is not necessary that the actor should have foreseen the particular injury which occurs. It is sufficient if he could have foreseen that some injury would likely result from his negligent conduct. In Cumberland Telephone & Telegraph Company v. Woodham, 99 Miss. 318, 332, 54 So. 890, 891 (1911), this Court said:
Without attempting to define proximate cause in such terms as will be applicable in all states of fact  for to do so is practically impossible  it will be sufficient to say that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom * * *.
This rule has been reaffirmed by our Court in Billups Petroleum Company v. Entrekin, 209 Miss. 302, 46 So.2d 781 (1950); United Novelty Company v. Daniels, 42 So.2d 395 (Miss. 1949); and Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42 (1940).[*]
For the foregoing reasons the judgment of the trial court is reversed and judgment is rendered here for appellants on the question of liability. The case is remanded for trial on the question of damages only.
Reversed, judgment here for appellants on question of liability, and remanded for trial on the issue of damages only.
RODGERS, JONES, BRADY and INZER, JJ., concur.
NOTES
[*] See Rogers, Foreseeability in the Law of Negligence, 29 Miss.L.J. 158 (1958) for a summary of the Mississippi cases dealing with the question of foreseeability.