RODGERS, Presiding Justice.
Mrs. Robert M. Dreyfus and Mrs. Helen Burch, children of Mrs. Elsie Webber, deceased, filed a suit for the death of their mother against Mississippi City Lines, Inc. and James L. Harrington, the operator of a bus belonging to the Mississippi City Lines, Inc., in the Circuit Court of Forrest County, Mississippi. The trial resulted in a verdict and judgment in favor of the defendants James L. Harrington and Mississippi City Lines, Inc. The defendants will be hereafter referred to as Harrington and City Lines.
The accident here involved occurred about three o’clock in the afternoon on December 12, 1969, at the intersection of Green Street, Second Avenue, Adeline Street and Hardy Street in the city of Hattiesburg, Mississippi.
Just prior to the accident, Mrs. Webber was walking along the south side of Hardy Street traveling in a westerly direction. Mr. Harrington was driving a City Lines bus on Hardy Street going east at about fifteen (15) to twenty (20) miles per hour. As he approached the four-point intersection he could see through the intersection, and he saw Mrs. Webber as she walked on the south side of Hardy Street beyond the Green Street intersection.' The street was dry and the weather was clear. The driver of the bus was traveling at a slow speed and as he approached the intersection the traffic light changed to green, so he proceeded through the intersection. Several witnesses, including Harrington, testified that when the City Lines bus reached a point even with Green Street (which was to the driver’s left) a pickup truck came out of Green Street at a rapid rate of speed traveling in a southerly direction. Harrington, the bus driver, testified that he slowed the bus but did not stop suddenly for fear of causing the passengers (who were standing) to be injured. He also said that he did not stop because he had the right-of-way. The pickup truck continued *788 across the intersection making a left turn and struck the left front wheel of the bus. The bus swerved to its right in an effort to avoid the pickup; however, it is said that the collision caused the bus to go farther to the right. The bus driver saw a telephone post to his immediate right, and, in an effort to miss the post, he turned to his left. Someone called out, “There is a lady.” The bus driver, Mr. Harrington, stopped the bus and went back to a place near a telephone post where he found Mrs. Webber on the ground at the base of a guy wire. She was unconscious. He left to call for an ambulance. An ambulance arrived and took Mrs. Webber to the hospital. There is no testimony to show that Mrs. Webber ever regained consciousness. She was 82 years of age, but in good health at the time of her death. She died without regaining consciousness.
The appellants, plaintiffs in the trial court, made a motion for a directed verdict as to defendant’s liability, at the close of all of the testimony, upon the ground that the bus driver admitted liability. The court overruled this motion and the appellants now contend that the court erred in so doing.
It is argued that the bus driver, Mr. Harrington, admitted that he saw Mrs. Webber before he reached the intersection, but that he did not keep a lookout for her safety; that he could have stopped after seeing the pickup, but that he continued because he had the right-of-way; that after the pickup struck the bus he did not look to the safety of Mrs. Webber, but tried to get the tag number of the pickup.
We have carefully considered these contentions and we are convinced that all of these contentions were issues of fact to be determined by the jury. The court was correct in submitting to the jury the issue of defendant’s negligence. See: Peel v. Gulf Transport Company, 252 Miss. 797, 174 So.2d 377 (1965).
The appellant next contends that the trial court committed reversible error in granting the defendant an instruction on the doctrine of sudden emergency. This instruction is in the following language:
“The Court instructs the jury for the defendants that if you believe from a preponderance of the evidence that the defendant Harrington was confronted at the time of and immediately prior to the accident with a sudden emergency, sudden emergency being defined as a sudden and unusual occurrence that occurred unexpectedly and could not have been foreseen by a reasonable and prudent man acting under similar circumstances, and that the emergency was created through no negligence on the part of the said Harrington, and if you further believe from a preponderance of the evidence that the said Harrington pulled to his right in an effort to avoid being hit by said truck, and if you further believe that after the emergency arose defendant driver exercised such care as a reasonably prudent and capable driver would use under the unusual circumstance, and if you find from a preponderance of the evidence that a pickup truck entered into the intersection and if you further find such entry, if any, constituted a sudden emergency, and that defendant Harrington was in no manner responsible therefor and was free and clear of negligence, and that said sudden emergency was the sole proximate cause of the accident, then it is your duty to find for the defendant.” (Emphasis added.)
The appellant again argues, in effect, that the giving of this instruction was error because the defendant Harrington admitted that he did not keep a proper lookout for pedestrians using the street; that he saw the pickup truck approaching; that he could have stopped; and that after the alleged emergency subsided, he did not exercise ordinary care to prevent injury to Mrs. Webber, although he knew that she was walking along the street at the point of collision. In other words, appellant argues that the appellee, Harrington, was not entitled to an instruction on a sudden *789 emergency caused or contributed to by his own negligence.
The appellants cite the following cases: Continental Southern Lines v. Klaas, 217 Miss. 795, 63 So.2d 211, 65 So. 2d 575, 67 So.2d 256 (1953); Ladner v. Merchants Bank and Trust Co., 251 Miss. 804, 171 So.2d 503 (1965); and Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So.2d 902 (1951). These cases are authority for the proposition that one cannot claim a sudden emergency as an excuse for the lack of care where the sudden emergency was caused in whole or in part by the person who offers the imminent peril doctrine as a defense to a charge of “lack of care” on the part of the defendant.
We have reached the conclusion that the instruction was erroneous in form and for that reason the judgment of the trial court must be reversed, but, in addition thereto, it is open to question as to whether or not a sudden emergency instruction should have been granted in this case. The bus driver stated that he could have stopped after he saw the pickup truck at the intersection of Green and Hardy Streets. If this testimony means that Mr. Harrington had time to exercise his judgment to stop but did not do so because he had the right-of-way, then, in that case, no emergency existed; therefore, no emergency instruction should have been granted.
 The doctrine of sudden emergency refers to acts which occur immediately after the realization of the impending peril and before there is time for deliberate or mature reflection. Peel v. Gulf Transport Company, 252 Miss. 797, 174 So.2d 377 (1965); 65 C.J.S. Negligence § 17d, p. 611 (1966). The sudden emergency doctrine does not apply where the emergency can be reasonably anticipated or foreseen. Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So.2d 503 (1965); Cipriani v. Miller, 248 Miss. 672, 160 So.2d 87 (1964). Moreover, a sudden emergency instruction should never be granted unless it is pleaded and the trial judge can determine that there is sufficient evidence in the record to justify the jury on making a finding of sudden peril. 65A C.J.S. Negligence § 281a, p. 993 (1966).
On retrial of this case the trial court may reexamine the sudden emergency issue in the light of testimony before the court at that time.
The form of the sudden emergency instruction is erroneous. We have from time to time pointed out that an imminent peril instruction must contain three essential elements: (1) The person requesting the instruction must have used reasonable care before the emergency, and the emergency was not of his making. (2) The instruction must define and briefly describe the facts from which the jury could determine whether or not an emergency existed. (3) After the emergency arose the instruction must require that the driver of the automobile exercised the care which a reasonable and prudent person (capable driver) would exercise under the unusual circumstances. Bozeman v. Tucker, 203 So. 2d 795 (Miss. 1967); Kettle v. Musser’s Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964); Gulf, Mobile & Ohio Railroad Company v. Withers, 247 Miss. 123, 154 So.2d 157 (1963).
The instruction here complained of gives a legal definition of a sudden emergency, but it does not relate it to facts shown in the testimony on which the sudden emergency instruction is predicated. Moreover, the instruction erroneously charges that if the defendant were confronted with a sudden emergency when a pickup truck entered into the intersection and this constituted a sudden emergency and defendant was not responsible therefor and was not negligent, and the sudden emergency was the sole proximate cause of the accident, then it is the duty of the jury to find for the defendants.
It should be remembered that the imminent peril or sudden emergency doctrine is not within itself an absolute de *790 fense. It is simply a rule by which the jury may take into consideration the unusual circumstances arising when another person causes a sudden situation, requiring one to take instant and sometimes drastic action without time in which to determine what would be the best course to pursue. 65 C.J.S. Negligence § 17a, Note 53:25, p. 608 (1966).
The mere fact that an emergency existed does not relieve one from his duty to exercise reasonable care in order to prevent injury to others. Summers v. Johnson, 236 Miss. 826, 105 So.2d 451 (1958); Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So.2d 902 (1951); Mississippi Central Railroad Company v. Aultman, 173 Miss. 622, 160 So. 737 (1935).
When an automobile driver fails to exercise ordinary care of a reasonable prudent (capable) driver under all the circumstances, he is chargeable with negligence notwithstanding the existence of an emergency. Mississippi Central Railroad Company v. Aultman, 173 Miss. 622, 160 So. 737 (1935); 65 C.J.S. Negligence § 17a, p. 609 (1966).
A sudden emergency instruction should not direct the jury to find for the person invoking the sudden emergency doctrine on the basis of the emergency only, but, rather, the jury should be instructed to take the sudden emergency into consideration along with all the other facts in determining whether or not the automobile driver exercised ordinary care as a reasonable and prudent person under all of the circumstances surrounding the accident, including the sudden emergency. Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So.2d 902 (1951); 5 Am.Jur. Automobiles, § 701, p. 885 (1936).
In the instant case the defendant driver testified that he saw Mrs. Webber walking in the street at some distance before he reached the point where he saw the pickup truck emerge from Green Street where he “could have stopped.” He said he had forgotten about Mrs. Webber, so he continued because he could have hurt his passengers by a sudden stop. Were his acts those of a prudent, capable automobile driver under all of the circumstances, including the fact that a pickup truck moved rapidly out of Green Street and collided with the bus after the bus driver had determined to continue moving the bus toward the place where a person was walking in the street in his path? We think this was a jury question to be determined under all the facts. For these reasons this case must be reversed.
Reversed and remanded.
JONES, BRADY, INZER and SUGG, JJ., concur.