NEAL B. BIGGERS, Commissioner,
for the court:[1]
This tort action for personal injuries was filed by Linda C. Sullivan (appellee) against the City of Jackson (appellant) in the First Judicial District County Court of Hinds County. Trial without a jury resulted in a $1,220.84 judgment for appellee which, on appeal of the City to Circuit Court, was affirmed. Arguing that it was entitled to a directed verdict below, the City appeals here and we reverse.
The testimony before the trial court in this case basically was uncontradicted. The appellee was driving her automobile in a southerly direction on Belvedere Drive, a four-lane street in the City of Jackson, at approximately midnight. A slow moving vehicle was ahead of the appellee in the same lane of traffic, the western or right-hand lane of the southbound traffic. The appellee pulled into the left lane-to pass the vehicle and almost immediately upon getting into the left lane she saw a barricade in the left lane and crashed through it, going into a shallow excavation the appellant had dug earlier in the day to repair a water line leak. As a result of the collision, damages to the appellee’s car were sustained. ' The testimony further revealed that the appellant, after digging the excavation and before leaving it for the night, placed barriers around the perimeter of the excavation and placed smudge pots around the barricades and left the smudge pots burning. Further testimony of the appellee was that she saw a light near the barricades before the collision but stated it was not a sufficient warning to put her on notice of the existence of the barricades in time to avoid the collision.
The question before the Court, as it was before the trial judge who heard the case, is whether the accident in this- case was a result of inadequate warning devices placed in front of the excavation by the appellant or, as the appellant submits, was solely the result of the appellee’s failure to keep a proper lookout under the circumstances. Stated differently, should the appellant’s request for a directed verdict have been granted?
What is necessary in the way of warning devices to adequately and properly warn motorists using the public roads of obstructions in the traveled portion of the *529 road is a question of fact to be determined from the evidence in each case. City of Meridian v. Moody, 185 Miss. 340, 186 So. 649 (1939); Graves v. Johnson, 179 Miss. 465, 176 So. 256 (1937). Whether advance or cumulative warnings should be placed some distance ahead of barricades in the road, or whether the barricades and warning devices at the point of the obstruction are sufficient alone, is to be determined by the triers of fact in accordance with the circumstances that exist in each case.
Under the circumstances that existed in this case, and the evidence is uncon-tradicted, the Court is of the opinion that the appellee failed to exercise that degree of care required of her by Mississippi Code Annotated § 63-3-603 (1972). This statute requires in effect that when a motorist is operating a motor vehicle upon any roadway divided into three or more clearly marked lanes for traffic (as Belvedere Drive was), the vehicle shall not be moved from the lane of traffic in which it is traveling until the driver has first ascertained that such movement can be made with safety. It is obvious that in this case the appel-lee did not first ascertain that the left lane of southbound traffic was clear before she proceeded to pass the vehicle in front of her. As held in Nobles v. Unruh, 198 So.2d 245 (Miss.1967), a violation of this section of the Code constitutes negligence as a matter of law. Appellant’s motion for a directed verdict should have been granted below.
For this reason, and since there is no contradiction in the record as to how the collision occurred, the judgment should be, and is, reversed and judgment entered here for the appellant.
REVERSED AND RENDERED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.