JOHN McINTYRE et al., Plaintiffs in Error, *v.* SAMUEL KLINE, Defendant in Error.

1. SALE: DELIVERY.—If a manufacturer complete an article ordered by the purchaser, according to the terms of the contract, by the time specified, and have it ready for delivery, and set it apart for the purchaser, he can recover the price therefor, without an offer to deliver, if the purchaser have notice of its readiness and completion, and make no objection.
2. INSTRUCTIONS: MUST BE APPLICABLE.—Instructions given to the jury, should be applicable to the evidence: it will therefore be error, to instruct the jury on an abstract proposition of law, if there be no evidence tending to show that the facts hypothetically stated in the instructions exist.
3. NEW PLEADINGS ACT: CONSTRUED.—A general denial under the New Pleadings Act, is equivalent to the general issue at common law; and no defence is admissible under it which is not admissible under the latter; it is proper, therefore, for the court to refuse to permit the defendant to make the defence of a tender, under that issue.
4. SAME.—The New Pleadings Act was intended to abolish or change the *forms* of

pleading, and not to affect the substantial rights of parties, by allowing questions to be litigated inconsistent with the pleadings.

In error from the Circuit Court of Lowndes county. Hon. William L. Harris, judge.

The evidence and pleadings are sufficiently stated in the opinion of the court.

*Harrison* and *Cruesoe*, for plaintiffs in error.

It is shown by the complaint and bill of particulars, that the action was on an open account. The evidence established a special contract, not sued on; there was no evidence establishing the account sued on. It is apparent that the whole proof was as to a special contract. There is no principle better settled, than that in an action on open account, you cannot recover on *special contract;* yet the charge asked for by the plaintiff and given by the court, not only assumes the fact, that, though there was a special contract proven, yet the plaintiff might recover on open account, but asserts also a principle, which we believe to be incorrect and irrelevant to the issue. Again, the charge as given with the qualification, is incorrect.

1. It is evident from the testimony, that there was a special contract for the work, and that it was to be done within *a specified time.* The court asserted the principle to be, that if the work was to be done within a specified time, it was sufficient to entitle the plaintiff to recover; that the defendants had notice that the work was done, without any delivery or offer to deliver.

The latest work on contracts (Parsons, Contr. 2nd vol. p. 161,) thus lays down the rule:—If *the time be fixed,* but not the *place,* then it will be presumed that the deliverer was to bring the articles to the receiver; at *that time,* and for that purpose, he must go with the chattels to the residence of the receiver. 20 Me. R. 320; 2 Par. Cont. 161; 3 W. & S. 295; 2 Penn. R. 63; 1 Greenl. R. 120.

Hence, not only must the work be finished, but a tender of the work must be made to the defendants, before the plaintiff *has a*

McIntyre et al. *v.* Kline.

*right of* action.    A different rule is asserted in the charge of the court.

2. The defendants asked the court to charge the jury, " that if they believe from the evidence, that prior to the commencement of this suit, the amount justly due plaintiff was tendered him, they must find for the defendant;" which was refused by the court, upon the ground that there was no *plea* of tender in the pleadings.    The court erred in refusing to give this charge.    That it contained a correct principle of law, seems to have been admitted ; but the reason assigned for the rejection was, that there was no plea of tender in the pleadings.

The act of 1852, p. 61, abolished all forms of pleading. Under this act there is no such formal plea recognized; the answer filed denied generally all the allegations of complaint, and further, insisted on payment, &c.    The 6th section provides, that no other pleading shall be allowed on the part of the defendant, but answer or demurrer: sect. 11, provides that no variance between the allegation and proof shall be deemed material, *unless it* have actually misled the adverse party, to his prejudice, &c., in maintaining his action or defence upon the merits ; and whenever it shall be alleged that a party has been so misled, the *fact* shall be proved to the satisfaction of the court, &c., and thereupon the court may order the pleadings to be amended, &c.; but when the variance is not material, the court may direct the fact to be found according to the evidence, &c.; and by § 13, act of 1850, it is enacted that the court shall, at any time, conform the pleadings to the *facts proved, &c.;* and by § 15, of the same act, it is provided that the court shall, in every stage of the action, disregard any *error* or defect in the pleadings or proceedings, &c., and no judgment shall be reversed or affected for such error.

The proof shows that a tender was made, and it was error to refuse the charge ; the evidence had been admitted, and the charge, as asked, was not only the law, but was applicable to the evidence on the trial—admitted *without objection*—and whether stated in the answer or not, was admissible, and the defendants were entitled to the benefit of the law applicable to the facts in proof.

It is evident from the evidence, that the judgment is erroneous, and that the jury were misled by the action of the court.

*Thomas Christian*, for defendant in error.

The charge asked for by the plaintiffs and refused by the court—that when a party contracts for work to be done by a specified time, and the work is done in accordance with the contract, that a right of action accrues to the maker for the money, and that a delivery of the work is not necessary, without there is a demand for the work, is in strict accordance with the law. It should even have gone further. If any body had a right to complain, it would have been the plaintiff; for we think the court was authorized to give the charge as asked. But the court refused, and in the modification given in its stead—and which is now assigned as error by the defendant—made it not only necessary for the work to be done by the time specified in the contract, and ready for delivery, but also that the defendant should have notice that the work was ready for delivery. If this is the law, then a person performing a contract of work, where the party contracting had left the country before the job was finished, or before he could be notified, and an offer made to deliver, would have no remedy by attachment or otherwise, but would have to keep the work, whether of any use to him or not. We think the law is as asked—that as soon as the job is finished, in accordance with the contract, his right of action immediately accrues for the money, without a delivery or an offer to deliver.

In Comyn, Cont. 358, the law is there laid down to be, "Where a person is employed to do any particular work for another, as soon as the work is finished accordingly, an action will lie for the money agreed to be given; and where there is no agreement as to price, then upon *quantum meruit*." There are a great many decisions contrary to this principle of law, which, in the case of goods to be manufactured, make a delivery and acceptance necessary to change the title in the goods, or give a right of action to the maker; (see Chitty, Cont. 378–383,) and this is the law in England, and such of the states as have adopted the statute of 9 Geo. 4, c. 14, which extends the 17th sect. of the Statute of Frauds of

29 Charles II. to contracts for the sale of goods, "notwithstanding the goods may not at the time of the contract be actually made." The case of *Maberly* v. *Shepherd*, 10 Bing. 99, (25 Eng. Com. L. R. 43,) shows the principle on which these cases are decided; that it is under the 17th sect. of the Statute of Frauds, which, it appears by the decision of this court in the case of *Ingersoll* v. *Kendall*, 13 S. & M. 611, was never adopted in this state. It leaves the principle of law, then, as laid down by Comyn, already quoted. And the same rule of law will govern goods to be manufactured, when *completed and capable* of immediate delivery, as governs other sales of a " specific commodity *in esse*," as laid down in *Ingersoll* v. *Kendall*.

Where a contract is made for the manufacture of a certain article by a specified time, as soon as the same is completed in accordance with the agreement, the title to the property vests in the purchaser, and the right to sue for the money, vests in the seller. If this be the true doctrine, the defendants had no right to object to the court giving the charge as asked, and if we are wrong in our view of the law, then the court were certainly right in the charge given.

As to the refusal of the court to charge, " that if the jury believe, from the evidence, that prior to the commencement of this suit, the amount justly due plaintiff was tendered to him, they must *find for defendant;*" which was refused by the court, because there was no plea of *tender:*—

The court certainly was right in refusing to give this charge, whether there was a plea of tender in the papers or not. The pleas in the cause were the general issue and payment.

In *assumpsit, tender* and *set-off* must be specially pleaded. Tidd, Prac. 594. Tender must be specially pleaded at the same term with the declaration. Ib. 419. A party cannot plead *non assumpsit* to the whole declaration, and a tender to a part. Bacon, Ab. 334, 609. Neither *tender* nor Statute of Limitations can be set up under the general issue. 1 Chit. Pl. 479. Same in debt. Ib. 480, 481; 1 Saund. 33. With the plea of tender, the money must be paid into court; and if not so paid, the plaintiff may consider the plea a nullity, and sign judgment. Chit. Pl. 565, 566;

Bacon, Ab. 334, 337. The conclusion of the plea of tender is, that the plaintiff ought not to' recover any more, or greater sum or damage, than the sum tendered, &c. 1 Chit. Pl. 621. Which authorities show, first, that proof of tender cannot be introduced under the general denial or plea of payment, and must be specially pleaded. Second—that a tender of a sum which is not accepted, is not a *payment of a debt*, even where the amount tendered is found to be the sum justly due, and will not entitle a defendant to a verdict of acquittal, but only entitles him to his costs. The court certainly did not err, in refusing a charge on the subject of *tender*, when there was no tender pleaded. And more especially the court did not err in refusing the charge asked, that the jury *must find a verdict for the defendants*, when the proof showed that the amount tendered was refused.

Upon an examination of the whole record, and the law of the case, we can see no reason for taking this case to the High Court, except for delay.

HANDY, J., delivered the opinion of the court.

This was an action in the Circuit Court of Lowndes county, for the recovery of the price of four carts made by the plaintiff for the defendants. The complaint being drawn under the statute of 1850, abolishing the forms of pleadings, is very uncertain, and difficult to be tested by legal rules which are well understood. It purports to be for the recovery of the balance due by the defendants to the plaintiff, on an account which is exhibited with the complaint, and in which the defendants are charged with the balance of the sum of money demanded. The defendants answered, first, denying generally the allegations of the complaint, and second, pleading payment. And the case appears to have been treated by both parties as an action to recover the price of the carts made by the plaintiff, at the instance and request of the defendants. No question was raised upon the sufficiency of the complaint, or upon the sufficiency of the evidence to support the action under the peculiar allegations of the complaint.

The case is brought up upon a bill of exceptions taken to the rulings of the court during the trial, there being no motion made

for a new trial. And these rulings present the only questions properly before us for consideration.

The first exception was taken to the following instruction, granted at the instance of the plaintiff.

"If the jury believe from the evidence, that the work was to be done by a certain specified time, and that the work was done at the time specified, and ready for delivery, and the defendant had notice that the work was ready for delivery, then it was not necessary for the plaintiff to offer to deliver the work to defendants, before his right of action accrued."

The evidence upon this point was in substance, that some time in the fall of 1853, the defendant, Riley, ordered the carts to be made at the plaintiff's shop, of a particular description, and that they were to be made by the plaintiff by a specified time; that they were made according to the agreement, with the exception of one particular, which was waived by the agreement, and by the time specified, but were never called for or taken away by the defendants. When they were finished, they were put away under a shelter, about plaintiff's shop, and were burned by a late fire in the town, since the suit was brought.

In order to entitle plaintiff to recover, it was necessary, either that the work should be finished and delivered according to the contract, or that it should have been ready for delivery, and set apart for the purchaser, conformably to the specifications and terms of the contract, and accepted by him. This acceptance may be implied from the fact of notice of the completion of the work agreeably to the contract, being given to him, and his making no objection to the work. This rule is substantially declared in the instructions above stated, and we do not think it would have been error to grant it, if the evidence had warranted it.

If an objection had been made upon a motion for a new trial, that the evidence was not sufficient to justify the verdict, because it did not sufficiently show that the plaintiff gave notice to the defendant that the work was finished and ready to be delivered, we should have been disposed to sustain the objection. But exception was taken solely to the correctness of the instruction as a

rule of law, and the question is, whether it was properly granted with reference to the evidence in the case ?

Though an instruction be correct as a general principle of law, yet if there be no evidence tending to show that the facts hypothetically stated in it, exist, it should not be given as a rule of law applicable to the case.   For if the verdict could not be supported without proof of those facts—and there was no evidence tending to prove them—it would be the duty of the court on motion to set aside the verdict, and award a new trial.   It is, therefore, undoubtedly a sound rule, that wherever, under such circumstances, the court should grant a new trial, it would be erroneous to grant the instruction on the trial—the reason for both steps being the same, to wit, that there was no evidence to maintain the action.

We therefore think that the instruction, though correct as a general rule of law, should not have been given under the evidence.

The other point raised by the bill of exceptions is, that the court refused to instruct the jury, that if they believed from the evidence that the defendants tendered to the plaintiff the amount justly due him before the commencement of the suit, they should find for the defendants.

It is conceded, that by the rules of pleading at common law, a *tender* could not have been shown without a plea of *tender*.   But it is said that this rule was dispensed with by virtue of the act in relation to pleadings above mentioned.   We do not think that that act has such an effect.   It was intended to abolish or change the forms of pleadings, but not to affect the substantial rights of parties to suits, and it certainly was not intended to allow the defendant to rely upon a ground of defence, inconsistent with the ground of defence set up in his answers, without amendment.   The general denial of an answer is tantamount to a plea of the general issue at common law, and under it the defendant would no more be permitted to set up a defence inconsistent with it, than he would at common law under the general issue.   A tender could not be proved under the general issue at common law, because it was incompatible with the plea, the one denying the liability to pay, and the other admitting, by offering to pay the sum tendered;

and for the same reason, the two pleas could not be pleaded together. 1 Chitt. Pl. 593, (6 Am. ed.)

The instruction upon this point was, therefore, properly refused. But upon the first ground above mentioned, the judgment is reversed, and the case remanded.