JOHNSON *v.* BRUCE *et al.*

(Division B. Jan. 4, 1937. Suggestion of Error Overruled, Feb. 1, 1937.)

[171 So. 685. No. 32481.]

582

Pat **D. Holcomb,** of Clarksdale, and **Osborn & Lott,** of Greenwood, for appellant.

Arthur Bruce and H. C. Mounger, both of Greenwood, for appellee.

Argued orally by **Arthur Bruce** and **H. C. Mounger,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant averred by his petition in mandamus that he is the owner of seven bonds, each for the principal sum of five hundred dollars of the Teoc Sub-Drainage District, and that the said bonds were past due both in principal and interest. Copies thereof were exhibited with the petition. Appellees are the commissioners of said district and the treasurer thereof. The petition avers that although the bonds and the interest thereon are in default, and "although earnest and constant demand has been made upon" the commissioners to pay said bonds in default, they have failed "to see to it that an assessment is levied annually and collected as provided by law so long as it is necessary for the payment of any bond" issued under their authority. The petition alleges also that the commissioners have failed to perform the duties imposed by law in paying the said bonds. There are other allegations to the same effect as those above quoted. Appellees demurred to the petition; the court sustained the demurrer and dismissed the petition.

Section 2351, Code 1930, in the chapter on mandamus, provides that "the same rules of pleading and proceeding applicable to actions in the circuit court shall be observed in this action;" and section 521, Code 1930, which applies to a petition in law when it is the original pleading which institutes the action, provides that "if it contain sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient." When a declaration or petition is sufficient under the section last mentioned, the remedy in respect to uncertainties or indefiniteness of allegation is by motion, and not by demurrer. Hastings-Stout Co. v. J. L. Walker & Co., 162 Miss. 275, 285, 139 So. 622. Measured by the statutory rule, we are of the opinion that there is sufficient in the petition to charge that the commission-

ers have failed to make the annual assessments, as they are required to do under section 4472, Code of 1930, and which is necessary as a predicate to the action by the board of supervisors in making an annual tax levy as mentioned in section 4470, Code 1930. This being true, neither the board of supervisors nor the tax collector were necessary parties, their duty to act not having come into existence because of the failure of the commissioners first to act.

Appellees contend that the petition is insufficient because it does not show that the claims evidenced by the bonds have been first presented to the board of supervisors and disallowed, and does not show that the liability on the bonds and interest has been reduced to judgment. Neither of those steps is necessary in a proceeding such as this. Section 4492, Code 1930, expressly provides that all bonds issued by such a district shall stand as a lien upon all lands subject to taxation under the drainage-district laws, and that "the board of commissioners shall see to it that an assessment is levied annually, and collected . . . so long as it may be necessary for the payment of any bonds issued . . . under its authority, together with the interest thereon, and the making or levying of said assessment or levy may be enforced by mandamus at the instance of any person interested."

There is not sufficient of merit in the other grounds of demurrer to require discussion. The demurrer should have been overruled.

Reversed and remanded.