JONES, Justice:
This suit involves two cases, one by Mrs. Bullock and one by her husband, Nathan Bullock. Each originated in the County Court of the first Judicial District of Hinds County, Mississippi. They were suits seeking to recover damages for personal injuries and property damages received in a collision which occurred within the City of Jackson on U. S. Interstate 55 South on or about January 18, 1965. The wife sued for personal injuries. The husband sued for personal injuries, medical expenses for himself and wife, pain and suffering, and loss of consortium. The cases were consolidated and tried before the county judge without a jury. Judgment was rendered for each of the plaintiffs; and on appeal to the Circuit Court of the First Judicial District of Hinds County, the judgments were set aside and a trial de novo granted. At the conclusion of the evidence on the trial in the circuit court, the circuit judge sustained a motion for a peremptory instruction. The case comes here from such ruling of the circuit judge.
The questions on appeal involve both liability and the amounts of the judgments rendered.
We are reversing the case and reinstating the judgments entered by the county court for the reasons hereinafter stated.
About 6 p. m. on January 18, 1965, the two plaintiffs were travelling south on Interstate 55, a four-lane highway. The two lanes on the west side are for southbound traffic. The plaintiffs, appellants here, crossed a bridge on Highway 55, from which point the highway curves slightly to the left. When they came over the bridge, or shortly thereafter, they saw some distance ahead the flashing red lights of a highway patrol car parked in the median facing north and the lights of a police car also parked facing north. Further, there was an officer in the center of the road flashing a red light. Upon seeing this, the appellants, who were then travelling in the left hand southbound lane, pulled to the right and slowed, according to the testimony, to a speed of only a few miles per hour. A wreck had occurred in the left southbound lane, and one or two cars were obstructing that lane. Just as the plaintiffs approached the wrecked or stalled automobile, the rear of their car was hit; and according to the evidence, they were knocked to the right partially off the highway.
Appellee’s truck was also travelling south on the highway with a trailer loaded with cottonseed hulls weighing 30,000 to 40,000 pounds, which, the defendant-driver said, was a pretty heavy load for his truck. The driver testified that as he crossed the bridge and approached the wrecked automobile, he saw signs of the wreck and undertook to slow his truck, but the brakes suddenly, with no previous warning or indication to him, failed to work.
The policeman standing in the center of the road waving his flashlight had to jump out of the road to avoid being struck. The truck, the policeman said, passed him at about forty miles per hour. Not being able to stop, the driver undertook to drive between appellants’ car and the wrecked cars in the left hand lane. This, of course, was a two-lane road; and, when the driver attempted to pass between the two cars, the truck struck the car of appellants on the left rear, and continued down that side. The plaintiffs sustained their injuries as a result of this collision.
The case was tried without a jury. Upon completion of the testimony, the county judge rendered his judgments, one in favor of Mrs. Bullock for $7,000 and the other for Mr. Bullock for $1,613.89. On the question of liability, it was asserted and argued by the defendant that the facts did not bring the case within the allegations of the declarations, both of which were the same except for different claims for injuries and damages. It is asserted that the only fact alleged in the declaration was that the truck was driving at an excessive speed. It is argued by the appellee that the proof failed to show that the truck was driving at an excessive speed because *630 the speed shown by the testimony was not in excess of the legal speed or maximum speed fixed for the highway.
The declarations alleged the existence of special hazards at the time and the place where the accident occurred. We quote paragraph 1 in Mrs. Bullock’s declaration as follows:
1. On or about January 18, 1965, plaintiff was travelling as a passenger in a 1958 Oldsmobile Sedan owned and driver by her husband, Nathan Bullock, in a southerly direction on U. S. Highway 55 South in Jackson, Hinds County, Mississippi. At approximately 6 o’clock P.M. on said date a 1961 model station wagon was wrongfully and unlawfully stopped and parked on the left hand southbound lane of traffic on said U. S. Highway 55 South, approximately 200 feet north of said highway’s intersection with McDowell Road, in Jackson, First Judicial District of Hinds County, Mississippi, having been wrongfully, recklessly and negligently left stopped and parked there by its owner and operator, the defendant Howard D. Williams. When the automobile driven by plaintiff’s husband approached the aforesaid vehicle of the defendant Howard D. Williams, the plaintiff’s husband slowed down, pulled half way out of the right hand southbound lane of traffic onto the highway shoulder, and proceeded to pass said defendant’s stopped vehicle at a speed of approximately 5 miles per hour.
The allegations of this paragraph were admitted by the answer of the defendants.
The declaration further charged:
2. Just as the plaintiff’s automobile was parallel to the defendant Howard D. Williams’ stopped vehicle aforesaid, the defendant Willie J. Sumerall, driving a 1955 Model International Truck owned by the defendant Sim Ramsey, Jr. Trucking Company, Inc., suddenly and without any warning whatsoever, recklessly, willfully, grossly negligently, at an excessive rate of speed and in complete disregard for the rights and safety of others using the highway, attempted to drive said truck between the vehicle of the defendant Howard D. Williams which was negligently stopped in the left hand southbound lane of traffic and the automobile in which the plaintiff was a passenger which was proceeding at a speed of approximately 5 miles an hour partially in the right hand southbound lane and partially on the shoulder of U. S. Highway 55 South, striking the left rear and side of the automobile in which plaintiff was riding and causing serious injury to plaintiff.
The declaration was sufficient to state a cause of action, and that cause of action was shown by the proof offered. As said before, the declarations charged special hazards, but not only did it charge an excessive rate of speed, it also charged that the defendant negligently and in complete disregard of the rights and safety of others attempted to drive his truck between two vehicles, one stalled in the left hand lane and the other travelling in the right hand lane. This was an attempt to drive the truck (a third vehicle) between two cars travelling on a two-lane road.
Section 1464 of Mississippi Code 1942 Annotated (1956) provides that the declaration shall contain a statement of facts constituting the cause of action in ordinary and precise language without repetition, and that if it contains sufficient matter of substance for the court to proceed upon the merits, it shall be sufficient. The declaration as heretofore stated alleged an excessive speed with special hazards in existence. For speed restrictions where special hazards exist, see Miss.Code 1942 Ann. § 8176(b) (Supp.1966).
The defendant filed no demurrer, nor did he seek to have the declaration made more definite and certain. Miss.Code 1942 Ann. § 1498 (1956). Also, he did not move for a bill of particulars as permitted in section 1499 of Mississippi Code 1942 Annotated (1956).
*631 If the plaintiff is entitled to recover any amount under the facts or any sufficient part of the facts stated in the declaration, a demurrer will not lie. If any language therein is vague, indefinite, and ambiguous, the remedy is found in sections 1498 and 1499 of the Mississippi Code 1942 Annotated (1956). See Johnson v. Bruce, 177 Miss. 581, 171 So. 685 (1937); Hastings-Stout Co. v. J. L. Walker & Co., 162 Miss. 275, 139 So. 622 (1932).
Insufficient pleading is also cured by the Statute of Jeofails, section 1544 of Mississippi Code 1942 Annotated (1956). The defendant in its answer admitted the collision but sought to avoid liability by its plea of special matter. It was alleged that when the driver suddenly realized the highway was totally or partially blocked by the stopped vehicle parked in the left hand southbound lane, he applied the brakes of his vehicle with full force in order to stop. When the brakes were applied, they failed to work properly, thereby failing to stop the vehicle. It was further alleged that the brakes had been applied by the driver on many occasions on the day of the accident and had worked perfectly. In proving this affirmative defense, the defendant was met with the testimony of a policeman of the City of Jackson who testified that the driver told him “that they [the brakes] had been stopping him but, he’d been having trouble with them and that they weren’t working like they should be.”
This contradiction was sufficient to make an issue for the trier of facts as to whether the defendants knew or, in the exercise of reasonable care, should have known that the truck had defective brakes. Scott County Co-op. v. Brown, 187 So.2d 321 (Miss.1966).
The circuit judge was in error in setting aside the verdict of the county court on the question of liability and ordering a trial de novo.
 It is alleged that the verdicts rendered by the county court are excessive. We see no necessity for reviewing all the evidence. The damages in each case depend upon its own facts. Suffice it to say that while the verdict for Mrs. Bullock may perhaps be larger than any of us would have awarded had we been a trier of the facts, it is not so large as to shock our conscience or to require a new trial on the question of damages. The same applies to the verdict rendered in favor of Mr. Bullock.
We are of the opinion that the judgments rendered by the county court should not have been set aside, but that they should have been affirmed.
We are, therefore, reversing this case and reinstating the judgments rendered by the county court.
Reversed and judgments of County Court reinstated.
GILLESPIE, P. J., and BRADY, INZ-ER and ROBERTSON, JJ., concur.