**Perry J. OWENS, Appellant,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.**

No. 25134.

United States Court of Appeals Fifth Circuit.

April 23, 1968.

Rehearing En Banc Denied May 28, 1968.

Otto B. Mullinax, Mullinax, Wells, Mauzy, Levy & Richards, Dallas, Tex., for appellant.

Joe Bruce Cunningham, Luther Hudson, Hudson, Keltner, Smith & Cunningham, Fort Worth, Tex., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This Federal Employers' Liability Act suit, 45 U.S.C. § 51, arose out of an accident that occurred while Appellant Owens, an employee of appellee, was working with a rivet gang of carmen in repairing a pulpwood car at one of appellee's railroad yards in Texas. During the work, one of the other employees, John Johnson, missed his footing on a beam and fell on Owens thereby injuring him. Appellant brought this suit alleging that appellee was negligent in failing to provide him with a safe place to work; that appellee was negligent in failing to provide John Johnson with a safe place to stand while working; and that appellee's employee, John Johnson, was negligent in losing his footing and falling on appellant. These allegations were submitted to the jury on special issues and the jury found no negligence on each ground. The jury also found that Owens had not been negligent. The district court denied motions for new trial and for judgment notwithstanding the verdict and entered a judgment for appellee.

Appellant's principal contention is that there was no evidence to support the jury's finding that Johnson was not negligent in falling on him. This Court is powerless to review this contention since at the trial appellant failed to attack the sufficiency of the evidence in any manner available to him. First, it is well settled that the sufficiency of the evidence is not reviewable on appeal where, as here, a motion for a directed verdict was not made to the trial court. See Helene Curtis Industries, Inc. v. Pruitt, 5th Cir. 1967, 385 F.2d 841, 851; Pennsylvania National Mutual Casualty Insurance Co. v. Nathan, 5th Cir. 1966, 361 F.2d 18, 20; Powers v. Gilmour, 5th Cir. 1961, 297 F.2d 138; Pruett v. Marshall,

5th Cir. 1960, 283 F.2d 436. Second, appellant did not even object to the submission of the special issue that inquired whether Johnson was negligent in falling on appellant on the ground that there was no evidence to support the submission. This also precludes appellant from challenging the sufficiency of the evidence to support the jury's verdict. Berman v. Palatine Ins. Co., 7th Cir. 1967, 379 F. 2d 371, 373; Rochester Civic Theatre, Inc. v. Ramsay, 8th Cir. 1966, 368 F.2d 748; Stokes v. Continental Assurance Co., 5th Cir. 1957, 242 F.2d 893, 894; Boudreaux v. Mississippi Shipping Co., 5th Cir. 1955, 222 F.2d 954. A party who fails to employ either of these methods "must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view." 2B Barron & Holtzoff, Federal Practice and Procedure at 424 (Wright ed. 1961).

 Appellant next complains that the trial judge erred in admitting into evidence portions of Owens' deposition that showed he had previously stated that he considered the working conditions safe and proper and that he did not know of anything appellee could have done to prevent the accident since Johnson simply lost his balance and fell. Appellant's argument that this deposition was inadmissible as opinion testimony is without merit since it is well settled that the opinion rule does not apply to a party's admissions. 4 Wigmore, Evidence § 1053 at 15 (3d ed. 1940). Finally, this Court's reasoning in Cox v. Esso Shipping Co., 5th Cir. 1957, 247 F.2d 629, refutes the contention that appellee was required to lay a predicate for the introduction of the statements:

> An admission, rightly understood but so often confused, in its classic prototype is merely—but significantly—a position taken by the adversary * * which is contrary to and inconsistent with the contention now being made in the litigation. It is that simple. It need not have been, as is so often said, an admission against interest, nor is

there a need to lay a predicate for its use. All that is needed is an authoritative statement by the adversary inconsistent with the contemporary litigation position.

247 F.2d at 632.

Therefore, the judgment of the district court is affirmed.