RODGERS, Presiding Justice.
This is a suit for damages, based upon an alleged “whiplash” injury in an automobile accident. It came to this Court from the Circuit Court of Harrison County, Mississippi, where a judgment was entered upon a jury verdict in favor of the defendant, appellee, Mrs. Margaret M. Miller. The original declaration was amended so as to make General Motors Corporation a party defendant. Before the case was submitted to the jury, however, the trial court granted a directed verdict in favor of General Motors. No brief was filed in this Court as to General Motors and we have sustained a motion to docket and dismiss the appeal as to General Motors.
The original plaintiff Nancy Nielson contends on appeal that she did not obtain a fair trial in the Circuit Court of Harrison County, because she says that she was entitled to a directed verdict in her favor on the issue of liability; and that the trial court granted two erroneous instructions for the defendant, namely, a sudden emergency instruction and the so-called unavoidable accident instruction.
*704 The claim of the appellant for damages grew out of the following circumstances.
The appellant, Nancy Nielson, a seventeen-year-old student in her junior year of high school, was a passenger in an automobile with three other girls. All four of the girls were enrolled in a nurse’s training program. They were required to travel from the high school to the Biloxi Veterans Administration Hospital in order to obtain their instructions. On September 27, 1965, these girls left the Veterans Hospital and traveled on Irish Hill Drive on their way home. They came to a traffic signal on the drive and stopped as the signal turned red.
In the meantime, the appellee Mrs. Margaret M. Miller left her sister’s home en route to a beauty shop in her automobile. She was driving, and she had her three daughters and a son in the automobile with her. She turned onto Irish Hill Drive from St. George Street about one-half mile from the point of collision. The road was straight and visibility was “good.” Mrs. Miller was familiar with the road and knew that there was a traffic signal at the intersection of White Car Avenue. Mrs. Miller was driving a 1965 Pontiac station wagon. She had never noticed any mechanical defect in the automobile. The automobile had responded to brake pressure when she stopped at the St. George Street intersection. As she approached the White Car intersection she saw that the automobiles had stopped in obeyance to the traffic signal. She applied her brakes with her left foot when she was four car lengths from the stopped automobiles. She testified that:
“The car seemed to stop all right at first, and then it didn’t respond, and when I ran into her I noticed the motor was stalled.”
This statement is the basis of appellee’s claim that she had a sudden emergency. She said, however, that the car continued to slow down until the collision, although her brakes were “sort of heavy.” She later testified:
“Q. Mrs. Miller, at the time you started applying your brakes, do you know whether or not of your own knowledge you had your foot on the brake continuously or whether or not it was intermittent?
“A. It was continuous, because I had my children in the car and I don’t ever stop continuously. I sort of coast to a stop where they won’t get hurt. I put my foot on the brake and let it off, and put it on again.”
The automobile driven by Mrs. Miller struck the back of the automobile in which the appellee was a passenger, causing it to move forward and strike an automobile in front of it, to then bounce back, and to again collide with the Miller station wagon.
Nancy Nielson contends that she was injured by the force of the collision. The appellee contends that appellant was not hurt as a result of the collision. We will not comment upon the weight of the evidence in this case as to the injury, because we hold that the case must be reversed.
The trial court granted a sudden emergency instruction to the jury on behalf of the defendant. This instruction was erroneously granted for two reasons: (1) The testimony of the appellee defendant shows that she did not use her brake effectively because she did not want to stop suddenly; and (2) If the foot brake had failed, as she seemed to contend, she made no explanation as to why she did not use her'emergency brake.
A great many cases appearing in this Court indicate that requests for sudden emergency instructions are sometimes based upon the erroneous theory that if the accident happened suddenly the litigants are entitled to a sudden emergency instruction. This is not the proper basis for a sudden emergency instruction.
*705 The true rule is that where one is either suddenly confronted with a dangerous situation through no fault of his own and is compelled to act at once to avert an accident, or the dangerous situation developed so suddenly he could not act, his choice of action is not tested by the question as to whether or not it was the best or most effective act under the circumstances, but, rather, by a comparison with what might he reasonably expected of the average prudent automobile operator placed in a similar situation. 5 Am.Jur. Automobiles, § 415, p. 743 (1936); 60A C.J.S. Motor Vehicles § 257, p. 67 (1969). See Blashfield’s Cyclopedia of Automobile Law, § 6745, § 1739, § 7702, § 7706 (1935).
It has been said that “The sudden emergency doctrine is not an exception to the general rule requiring due or ordinary care in the operation of an automobile, but the emergency is one of the circumstances to be taken into consideration in determining whether the operator has exercised reasonable care. The doctrine must be kept within narrow limits if anything like safety is to be kept on streets and highways with the present rapid means of locomotion, and cannot be extended so as to justify the driver in disregarding the rights of others in the effort to save himself, . . . ” 60A C.J.S. Motor Vehicles § 257, pp. 73-74 (1969). (Emphasis added)
In the case of Continental Southern Lines, Inc. v. Lum, 254 Miss. 655, 182 So.2d 228 (1966) we cited the cases involving sudden emergency instructions and said:
“This Court has repeatedly pointed out that an instruction on the doctrine of sudden emergency in negligence cases should not be given to the jury when it appears to the trial judges—as a matter of law—that the person requesting the instruction, proximately caused, or contributed to the cause of the emergency by his own negligence.” 254 Miss. at 664, 182 So.2d at 230-231.
In Bozeman v. Tucker, 203 So.2d 795, 797 (Miss.1967), we said:
We have, with metronomic regularity undertaken our Sisyphean task of imparting to the Bar the three essentials which must be present in an instruction concerning a sudden emergency and which must factually exist to justify the granting of a sudden emergency instruction. . . . ” (Emphasis added)
We cited Lum, supra, and other cases. We have attempted to point out that merely writing an instruction with the necessary essentials is not enough; the testimony must justify the giving of such an instruction.
The sudden emergency doctrine does not apply where the driver of an automobile has an opportunity to exercise his deliberate judgment between alternative courses. 60A C.J.S. Motor Vehicles § 257(b), p. 75 (1969).
Therefore, when one has time to use the emergency brake and fails to so do, he is guilty of negligence unless there is some other sufficient reason why the brake was not used. 60A C.J.S. Motor Vehicles § 261, p. 103 (1969); Moore v. Taggart, 233 Miss. 289, 102 So.2d 333 (1958).
Every automobile is required to have two separate brake systems. The pertinent part of Section 8249, Mississippi Code 1942 Annotated (1956) is as follows:
“(a) Brake equipment required.
1. Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.”
*706 In the case of Moore v. Taggart, 233 Miss. 389, 102 So.2d 333 (1958) where it was alleged that the foot brake failed to work and that the driver of the automobile did not use the emergency brake because “I (She) forgot all about it”, the Court said :
“The emergency brake is for the purpose of bringing the car to a stop in a sudden or unexpected occurrence or circumstance, and is to be used in addition to the foot brake, and also in case the foot brake should be out of order or unable to bring the motor vehicle to a stop. Due care as to brakes requires that the operator be familiar with their use and that he use them, if need be, to avoid accidents. 60 C.J.S. Motor Vehicles § 261, p. 639, and cases cited.” 233 Miss. at 403, 102 So.2d at 338.
Since this case must be reversed because of the “sudden emergency” instruction, and in order to prevent another obvious error if it were repeated on retrial, we call attention to an abstract instruction granted to the defendant. This instruction is in the following language:
“The court instructs the jury for the Defendant, Margaret Miller, that the mere fact that an accident happened, standing alone, does not, unless otherwise stated, permit the jury to draw an inference that the accident was caused by anyone’s negligence.”
This abstract instruction does not relate to the facts in the case on trial, and is erroneous. We have a long line of cases going back to the early days of this state, in which we have condemned abstract jury instructions in civil and criminal cases. The following cases will illustrate the holding of our Court with reference to abstract jury instructions. Lawson v. State, 87 Miss. 562, 40 So. 325 (1905); Jarnigan v. Fleming, 43 Miss. 710 (1870-71); New Orleans J. & G. N. R. Co. v. Statham, 42 Miss. 607 (1869); Burns v. Kelley, 41 Miss. 339 (1867); Whitfield v. Westbrook, 40 Miss. 311 (1866); Gordon v. Sizer, 39 Miss. 805 (1863); McIntyre v. Kline, 30 Miss. 361 (1855); Hoover v. Shackleford, 23 Miss. 520 (1852); Townsend v. Blewett 5 How. (6 Miss.) 503 (1841); Loring v. Willis, 4 How. (5 Miss.) 383 (1840); Newman v. Foster’s Heirs, 3 How. (4 Miss.) 383 (1839) ; 53 Am.Jur. Trial, § 573, p. 451 (1945). See also 38 Am.Jur. Negligence, § 370, p. 1089 (1941).
The appellee contends, however, that this Court approved the above-quoted instruction in the case of McCollum v. Randolph, 220 So.2d 310 (Miss.1969), and argues that for that reason the instruction given in the instant case was permissible.
The instruction granted in the McCollum case, supra, was not in the form of an abstract truism. We had this to say with reference to the instruction in that case:
“The instruction concludes by saying that in such an event (a factual finding by the jury that no negligence on defendant’s part had proximately caused or contributed to the injury and death) the occurrence, insofar as the defendant was concerned, was an unavoidable accident for which he was not liable. We do not think the instruction incorrectly stated the applicable law nor that it was capable of misleading the jury, especially when read with the rather liberal instructions granted appellants which submitted to the jury all of the theories of negligence relied upon for recovery.” 220 So.2d at 312.
It is true that, ordinarily, though erroneous, abstract instructions are not reversible errors unless they tend to confuse and mislead the jury. See Johns-Manville Products Corp. v. McClure, 46 So.2d 539 (Miss.1950); 88 C.J.S. Trial § 379, p. 962 (1955).
In the instant case, however, under the facts here shown where the defendant ran into the back of an automobile stopped at a stop sign, this instruction should not have been given to the jury.
*707 The issue as to whether or not the plaintiff was injured in the accident is a jury issue and will be determined by the jury on proper instructions upon a retrial of this case.
The judgment of the trial court will be reversed and the case is hereby remanded for a new trial to accord with the foregoing opinion.
Reversed and remanded.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.