894 F.2d 758
 29 Fed. R. Evid. Serv. 639
 Estella Hayes ROBINSON, Administratrix of the Estate of
Willie Robinson, Jr., et al., Plaintiffs-Appellants,
v.
Henry M. BUMP, et al., Defendants-Appellees.
Alonzo GRANDBERRY, et al., Plaintiffs-Appellants,
v.
Henry M. BUMP, et al., Defendants-Appellees.
Commilla PERKINS, etc., Plaintiff-Appellant,
v.
MTD PRODUCTS, INC., et al., Defendants-Appellees.
Debra Ann JOHNSON, Plaintiff-Appellant,
v.
MTD PRODUCTS, INC., et al., Defendants-Appellees.
 No. 88-4377.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 22, 1990.
Rehearing and Rehearing En Banc Denied March 21, 1990.
 
 Walter W. Thompson, J. Walker Sims, Clarksdale, Miss., A.T. Tucker, Jr., Tunica, Miss., for plaintiffs-appellants.
 
 
 1
 Lucius Edwards, Hernando, Miss., for Grandberry.
 
 
 2
 Johnnie E. Walls, Jr., Greenville, Miss., for Perkins & Johnson.
 
 
 3
 Jack F. Dunbar, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, Miss., Cynthia I. Mitchell, W. Kurt Henke, L. Elizabeth Bufkin, Holcomb, Dunbar, Connell, Chaffin & Willard, Clarksdale, Miss., for MTD Products & Henry Bump.
 
 
 4
 Robertshaw, Terney & Noble, Philip B. Terney, Greenville, Miss., for Willis Harris.
 
 
 5
 Appeal from the United States District Court for the Northern District of Mississippi.
 
 
 6
 Before LIVELY,[1] JOLLY and DUHE, Circuit Judges.
 
 
 7
 DUHE, Circuit Judge.
 
 
 8
 This is a diversity negligence action brought by the estate and family of Willie Robinson against Willis Harris, MTD Products, and Henry Bump. The Robinsons appeal from a judgment denying relief against MTD and Bump. We affirm.
 
 
 9
 MTD Products employed Henry Bump to operate an eighteen-wheel tractor-trailer rig. On November 2, 1984, Bump was driving the rig over a bridge in the northbound lane of a two-lane portion of U.S. Highway 61 followed by a small white car and a car driven by Paul Battle, III. North of the rig three cars were closely approaching in the opposing lane and the white car took this opportunity to pass the rig. In response to the action of the white car Dewey Dickins, the driver of the first car in the opposing lane, applied his brakes and permitted the white car to complete its passing maneuver and reenter the northbound lane. Collision was then imminent between the Dickens car and the car immediately behind it driven by Willis Harris. After applying his brakes Harris lost control of his vehicle, struck the right side of the bridge, and was deflected into the oncoming tractor-trailer in the northbound lane.
 
 
 10
 Bump testified that when he saw the white car attempting to pass him he applied his brakes and began to skid. He held his foot on the brake until the white car edged into the lane in front of him. He then observed the Harris car strike the bridge rail and come across the center line and strike the left front of his rig. He testified that on impact he was thrown about the cab and did not brake at any time after the collision. He noticed that the impact with the Harris car had affected the steering and that the rig was veering to the left.
 
 
 11
 Willie Robinson's car was following behind the Harris car. The MTD rig entered the southbound lane, struck the Robinson car, and dragged it back approximately 185 feet. Robinson and three family members were killed; two other family members were injured. The white car that began the chain of events was never identified.
 
 
 12
 The jury found that Harris' negligence caused the accident but that Bump was not negligent. The judge entered judgment against Harris and in favor of the estate of Robinson and his family, but denied relief against Bump and MTD.
 
 Instruction on Use of Seat Belts
 
 13
 The parties stipulated that the MTD truck was equipped with seat belts and that Bump was not wearing a seat belt at the time of the accident. A regulation of the Department of Transportation forbids a driver of a truck such as the MTD truck from driving unless he has "properly restrained himself with the seat belt assembly." 49 C.F.R. Sec. 392.16 (1988). The appellants submitted two proposed instructions which stated that Bump's failure to use his seat belt constituted negligence as a matter of law and that, if the jury found this failure caused the accident, they were bound to return a verdict against Bump and MTD. The district judge declined to give either instruction because the issue had not been included in the Pretrial Order and because the regulation was solely for the protection of the driver.
 
 
 14
 The appellants argue that the regulation was intended for the safety of the general public and the district judge erred in refusing the instruction. The appellants also argue that the district court's ruling was based on the substance of the regulation and not appellant's failure to include the issue in the Pretrial Order. The record shows that during the presentation of the plaintiffs' case the judge ruled that the seat belt evidence should not form the basis of a negligence per se instruction:The Court is of this opinion, number one, in that the pretrial order in this case does not under the section entitled "Questions of Law," the Code of Federal Regulation provision is not mentioned, the seat belt is not mentioned, the issue was not preserved. It's not preserved anywhere in the pretrial order in any mixed question of law and fact. In fact, the CFR provision is not mentioned in the pretrial order. The Court is of the opinion that you cannot interject questions of law at this late stage in this proceeding.
 
 
 15
 Number two, the plaintiff has not shown that the plaintiffs in the case sub judice are members of any protected class envisioned by the enactment of the regulation and that the resulting harm is of the type sought to be prevented by passage of the regulation.
 
 
 16
 When the judge later took up the matter at the charge conference he first noted he had "heretofore ruled on that." He then proceeded to address only the substance of the proposed instruction and did not again comment on the appellants' failure to include the issue in the Pretrial Order.
 
 
 17
 We cannot agree with the appellants that the judge's prior ruling was only preliminary and that the judge somehow implicitly reconsidered his grounds for the ruling. Nothing in the record indicates that the judge reconsidered his ruling. Nor can we agree that the agreed fact in the Pretrial Order that Bump was not wearing a seat belt sufficed to raise the issue of negligence per se when there was no mention of it in the list of contested issues. This Court has declined to force trial judges into overbroad interpretations of pretrial orders because "[s]uch a practice would be inconsistent with the underlying purpose of the pretrial procedure to define and limit the issues for trial." Hodges v. United States, 597 F.2d 1014, 1017 (5th Cir.1979). Accordingly, this Court has encouraged trial courts to construe pretrial orders to limit the issues actually tried. Swift v. State Farm Mut. Automobile Ins. Co., 796 F.2d 120, 123 (5th Cir.1986). "If a claim or issue is omitted from the order, it is waived." Flannery v. Carroll, 676 F.2d 126, 129 (5th Cir.1982).[2]
 
 Failure to Brake
 
 18
 During examination by Harris' attorney Bump was asked whether he made a "conscious decision" not to apply his brakes after the collision with the Harris vehicle. Bump answered, "In my mind, all I could think about was straightening that truck up to keep from having a wreck again." When asked whether there was any reason why he could not have braked, he answered "no, no." The appellants argue that Bump admitted he made a conscious decision not to brake and that the district judge erred in refusing to grant motions for directed verdict and JNOV on the basis of this admission. The appellants also argue that the district judge erred in refusing to give an instruction that required the jury to find negligence if they found Bump failed to brake properly. Rulings on motions for directed verdict and for judgment notwithstanding the verdict are reviewed under the abuse of discretion standard. Ellis v. Chevron U.S.A. Inc., 650 F.2d 94, 96-97 (5th Cir.1981). This Court considers the entirety of the evidence, and there must be substantial evidence opposed to the motions in order for the case to be submitted to the jury. Boeing Company v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc). See also Melear v. Spears, 862 F.2d 1177, 1182 (5th Cir.1989). In addition, a trial court has substantial latitude in fashioning jury instructions and the charge will be deemed adequate if, considering the totality of the charge, the instructions are comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury. Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan, 883 F.2d 345, 350 (5th Cir.1989). If an objection is raised against the failure to grant a requested instruction, the correctness of the proposed instruction must be shown as a threshold matter. Pierce v. Ramsey Winch Co., 753 F.2d 416, 425 (5th Cir.1985).
 
 
 19
 None of the cases cited by the appellants indicate that Mississippi courts give such weight to a failure to use brakes as to support a directed verdict or JNOV on that basis alone. See Moore v. Taggart, 233 Miss. 389, 102 So.2d 333 (1958); Nielson v. Miller, 259 So.2d 702 (Miss.1972). In Moore the Mississippi Supreme Court commented that due care requires an operator to use his emergency brake, "if need be," to avoid an accident. Moore, 102 So.2d at 338. Accordingly, the court held that a sudden emergency instruction which might have excused the defendant's "failure to use brakes" improperly assumed that both the foot brake and the emergency brake were defective, when the evidence suggested only that the foot brake was defective. Id. The court in Nielson similarly disapproved of a sudden emergency instruction in circumstances where the defendant did not explain why she did not use her emergency brake. Nielson, 259 So.2d at 704-05. It is apparent that both of these cases deal with the propriety of a sudden emergency instruction; neither case requires a finding of negligence based solely on a failure to brake.
 
 
 20
 Moreover, the record contains substantial evidence opposed to the appellants' motions for directed verdict and JNOV. Bump did not testify that he made a "conscious decision" not to apply his brakes, but rather that he attempted to steer the truck in such a way as to avoid a second collision. He similarly testified that following the collision with the Harris vehicle his truck was veering to the left, that the steering would not turn back in the other direction, and that had he applied his brakes the truck might have jackknifed effectively blocking both lanes. It is clear the evidence presented a question of negligence for the jury to resolve, and the fact that Bump did not brake following the collision with the Harris vehicle was not alone sufficient to take the matter from the jury.
 
 
 21
 Nor can we agree that the appellants were entitled to their proposed instruction on failure to brake. The Moore and Nielson cases discussed above do not give conclusive weight to failure to brake, and the appellants have brought no Mississippi case to the attention of this Court supporting an instruction which mandates a finding of negligence under these circumstances. The district judge was therefore correct in refusing the instruction.
 
 Lay Opinion Testimony
 
 22
 Battle, driver of the car following Bump, was called to testify for Bump and MTD. He testified that Bump was "in total control" of the truck until it was struck by the Harris vehicle.[3] The appellants argue that this testimony constituted either a legal conclusion or an opinion on an ultimate issue. We review for abuse of discretion. Scheib v. Williams-McWilliams Co., 628 F.2d 509, 511 (5th Cir.1980).
 
 
 23
 Rule 701 of the Federal Rules of Evidence permits a non-expert to testify in the form of an inference providing the inference is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Under Rule 704 testimony in the form of an inference is "not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Three factors determine the admissibility of lay opinion testimony under Rule 701.
 
 
 24
 First, the witness must have "personal knowledge of the facts from which the ... opinion is said to derive." Second, a "rational connection" must exist between the opinion and the facts upon which it is based.... Finally, "the opinion ... must be helpful, either in understanding the testimony or in determining a fact in issue."
 
 
 25
 Soden v. Freightliner Corp., 714 F.2d 498, 511 (5th Cir.1983) (quoting Lubbock Feed Lots, Inc. v. Iowa Beef Processors, 630 F.2d 250, 263 (5th Cir.1980)).
 
 
 26
 While it is doubtful Battle was reciting anything more than his observations, the testimony was clearly admissible as an inference of a lay witness. Battle had every opportunity to observe the truck's movement, the movement of a truck is rationally connected to the control of its driver, and the testimony was helpful in allowing the jury to assess Bump's negligence. We find no abuse of discretion in allowing the testimony.
 
 Instruction on Burden of Proof
 
 27
 The appellants were denied an instruction which placed the burden of proof on Bump to show that he traveled onto the opposing lane of traffic through no negligence of his own. The appellants argue that they were entitled to an instruction that put the burden of proving the affirmative defense of mechanical failure on the defendants. As noted above, the appellants must show the correctness of the proposed instruction as a threshold matter. Pierce, 753 F.2d at 425.
 
 
 28
 None of the cases cited by the appellants support the proposed instruction. In Nobles v. Unruh, 198 So.2d 245 (Miss.1967), the court held that a party who, in violation of the motor vehicle law, had entered another lane of traffic without ascertaining the safety of the move, "when neither explained nor excused," was negligent as a matter of law. Id. at 247. In Hinton v. McKee, 329 So.2d 519 (Miss.1976), the defendant's decedent had crossed the center line and collided with the plaintiff's vehicle. The court held that the defendant, who did not offer any proof to negate the negligence of the decedent but instead asserted an affirmative defense, had the burden of proving the affirmative defense by a preponderance of the evidence. Id. at 521. Neither of these cases indicate that a defendant has the burden to prove no negligence merely on a showing that the defendant crossed the center line.
 
 
 29
 The appellants nevertheless point out that an allegation of a sudden failure of the brakes was characterized as an affirmative defense in Bullock v. Sim Ramsey, Jr. Trucking Co., 207 So.2d 628 (Miss.1968). In Bullock the defendant admitted the plaintiff's allegations but sought to avoid liability by urging the sudden failure of his brakes. Id. at 631.
 
 
 30
 Bump, however, did not raise an affirmative defense of sudden brake failure. The claims of the parties set forth in the Pretrial Order show that Bump and MTD did not accept the plaintiffs' factual allegations and plead sudden brake failure in avoidance. Instead, they opted during the course of trial to defend against the allegations of negligence. The charge submitted to the jury was entirely consistent with the defense, and properly put the burden of proving negligence on the appellants.
 
 Expert Testimony
 
 31
 The appellants contend that through interrogatories the defendants' accident reconstruction experts offered one theory of why the truck veered to the left, but four days before trial offered a different theory at deposition. The appellants argue that they were surprised by the change in the theory and that the district judge erred in refusing to exclude the testimony of the experts at trial.
 
 
 32
 In response to interrogatories the defendants indicated that Dr. Roy Arnold and Dr. Henry Bass would testify that "the steering mechanism was disabled by the impact with the Harris LTD." In a supplementary response the defendants described the truck as "left front impaired." The statement of facts contained in the pretrial order stated that the Harris vehicle "str[uck] the left front wheel of Henry Bump's truck, turning the wheel in a northwesterly direction and disabling the steering gear of the truck." Dr. Bass later testified, however, that the steering mechanism itself was not disabled, but that wheels became bound when the Harris vehicle struck the left front of the truck. He agreed that the words "steering mechanism" were imprecise but insisted that his conclusions remained the same.
 
 
 33
 We believe that any discrepancy in the theory is largely semantic, and accordingly conclude that the district judge did not abuse his discretion in admitting the testimony. See Woods v. International Harvester Co., 697 F.2d 635, 639-40 (5th Cir.1983).
 
 
 34
 The judgment is AFFIRMED.
 
 
 
 [1]
 Circuit Judge of the Sixth Circuit, sitting by designation
 
 
 [2]
 At oral argument appellants' counsel noted that the district judge's ruling on the seat belt instruction prevented counsel from arguing to the jury the relevancy of the seat belt evidence to the issue of Bump's negligence. Although the appellant did not assign this point as error, we note for the sake of completeness that counsel was not prohibited from arguing the seat belt evidence entirely. The district judge ruled that the evidence was relevant to the issue of Bump's control of the vehicle. The judge also ruled that while counsel would not be permitted to argue that a breach of duty to wear a seat belt caused the accident, counsel would be permitted to argue the evidence to underscore that Bump had earlier confessed to being thrown clear of the driver's seat
 
 
 [3]
 Battle answered affirmatively when asked by the district judge, "do you mean that he was driving in a safe and prudent manner and at a safe rate of speed in the proper lane of travel?" Battle also described the left front wheel of the truck following the collision and speculated that the condition of the wheel explained Bump's inability to steer. The appellants complain of this testimony on appeal, but because no timely objection was raised before the trial judge we do not pass on these points. Fed.R.Ev. 103(a)(1)