Johanna DONLIN, Plaintiff,

v.

**ARAMARK CORPORATION, Defendant.**

No. 94–C–380 W.

United States District Court,
D. Utah,
Central Division.

June 9, 1995.

Arthur C. Johnson, Johnson, Clifton, Larson & Corson, P.C., Eugene, OR and Allen K. Young, Young & Kester, Springville, UT, for plaintiff.

Robert L. Stevens, Richards, Brandt, Miller & Nelson, Salt Lake City, UT, for defendant.

## ORDER

BOYCE, United States Magistrate Judge.

■ The above entitled matter came on for hearing on the defendant's motion to compel plaintiff to answer three questions put to plaintiff in her deposition, which counsel did not permit plaintiff to answer. Plaintiff did not claim a privilege from answering and did not apply to the court for a protective order. Rule 30(c) F.R.C.P. expressly requires that the deponent's examination should proceed where an objection is made to the question of the examiner. Rule 30(d)(1) F.R.C.P. provides:

A party may instruct a deponent not to answer only when necessary to preserve a privilege, enforce a limitation on evidence directed by the court, or to present a motion under paragraph 3. (Emphasis added).

Rule 30(d)(3) F.R.C.P. allows interruption of a deposition to protect a witness only where the examination is in "bad faith" or in such manner "as unreasonably to annoy, embarrass, or oppress the deponent party." None of these circumstances were present in this case and plaintiff's refusal to answer the posted questions was improper.

■ The questions defendant's counsel put to plaintiff were related to the conduct of defendant or third persons that plaintiff believed caused her injury or accident. These are not questions which go to legal matters but plaintiff's attribution of causation for her loss. Rule 26(b)(1) F.R.C.P. provides the evidence need "not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Obviously plaintiff's view as to the causal factors in the accident and her injury could be admissible as admissions of a party opponent under Rule 801(d)(2)(A). In such instance the fact that the statement is speculative or in opinion form is not of consequence. Personal knowledge of the witness is not required in a party admission circumstance. *United States v. Ammar,* 714 F.2d 238, 254 (3d Cir.1983); *Mahlandt v. Wild Canid Survival & Research Center,* 588 F.2d 626 (8th Cir.1978); see *Comment to 1972 Proposed Rules to Rule 801(d)(2)(A).* "No guarantee of trustworthiness is required in the case of an admission." Further, under Rule 801(d)(2)(A), an admission in opinion form may be admissible even if it is an opinion of law. *Specht v. Jensen,* 832 F.2d 1516 (10th Cir.1987) rev'd in part on unrelated issue 853 F.2d 805 (10th Cir.1988) ("we screwed up and now were in trouble"); *Owens v. Atchinson Topeka & Santa Fe Ry. Co.,* 393 F.2d 77, 79 (5th Cir.1968); *Russell v. United Parcel Service Inc.,* 666 F.2d 1188, 1190 n. 1 (8th Cir.1981); McCormick, *Evidence,* Vol. 2 § 256 4th ed. (1992) ("The statements normally include an application of a standard to the facts; thus they reveal the facts as the declarant thinks them to be, to which the standard of 'fault' or other legal or moral standard in involved in the statement was applied"); Wigmore, *Evidence* (Chadbourn rev. § 1053(3) (1972) ("The opinion rule (§ 1917 infra) does not limit the use of a party's admissions"). Because such admissions are admissible to detract from the party's adversarial contention, normal standards for admission of non-party fact witnesses' opinion do not serve the same purpose and do not govern. The plaintiff's objections fail to distinguish between admissions of a party and statements of a third person witness. The response of plaintiff at the deposition to the questions asked would likely be admissible if offered by defendant.

■ Even if Rule 701 F.R.E. were the applicable standard, a lay witness may give an opinion on the ultimate issue. Rule 704, F.R.E. The opinion is admissible if *"helpful* to a clear understanding of the witness' testimony *or* the *determination of a fact in issue"* (Emphasis added). Fault and causation are matters in issue. This portion of the Federal Rules of Evidence is a departure from prior federal common law standards. Saltzbury, Martin and Capra, *Federal Rules*

*of Evidence Manual,* 6th Ed. Vol. 2 p. 1031 (1994). Therefore, pre 1975 cases are of limited precedential worth except to the extent they may reflect the current rule's position. Decisions under the current rules have allowed lay opinion on causation. *Wactor v. Spartan Transp. Corp.,* 27 F.3d 347 (8th Cir.1994); *Robinson v. Bump,* 894 F.2d 758 (5th Cir.1990) (opinion that driver was in "total control"). *Lang v. Texas & Pac. Ry. Co.,* 624 F.2d 1275 (5th Cir.1980) (cause of decedent's death); *Joy Mfg. Co. v. Sola Basic Industries,* 697 F.2d 104 (3d Cir.1982) (percentage of loss due to down hearth). Plaintiff would be a person in a position likely to know the apparent cause of her injury and the cause of the accident. An opinion of plaintiff could be helpful to resolution of this issue. Whether such evidence would actually be admissible may to some extent depend on the answer given and further clarification. However, this issue arises during discovery not trial. It concerns whether a discovery question should be answered not whether the answer is admissible at trial. It cannot be said that the answers, by plaintiff, to defendant's questions would not lead to the discovery of admissible evidence. The contrary appears likely. Therefore,

**IT IS HEREBY ORDERED** that the defendant's motion to compel answers to three questions posed to the plaintiff by defendant which plaintiff's counsel refused to allow to be answered is granted. Plaintiff shall answer the questions posed. The remainder of the plaintiff's deposition will be taken at Denver, Colorado. The plaintiff shall pay the round-trip plane ticket of defendant's counsel from Salt Lake City to Denver, Colorado and return, but not in an amount to exceed $150.00.